**In re John W. COOPER and Beverly J. Cooper, Debtors.**

**John W. COOPER and Beverly J. Cooper, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 283–00011.**

**Adv. No. 284–0192.**

United States Bankruptcy Court, C.D. Illinois.

Feb. 22, 1985.

Ronald J. Dusenbury, Kankakee, Ill., for debtors/plaintiffs.

Gerald Fines, U.S. Atty., Danville, Ill., Terri E. Shapiro, Dept. of Justice, Washington, D.C., for defendant.

**ORDER**

LARRY LESSEN, Bankruptcy Judge.

This matter comes before the court on the "Cross-Motion for Dismissal" filed by the United States of America. The court will construe this document as a motion to dismiss Adversary No. 284–0192, wherein the Debtors seek a declaration that their federal income tax liabilities for the years 1973 through 1977, inclusive, are dischargeable. (In addition the Debtors seek an injunction, prohibiting the Internal Revenue Service ("IRS") from taking any further action to collect the Debtors' income tax debt for those same years.)

The relevant facts are as follows: On June 30, 1981, the Debtors were sent a Notice of Deficiency by the IRS. The Notice proposed deficiencies in income taxes and additions to tax for the years 1973 through and including 1977.[1] On Septem-

---

1. In its Memorandum in support of the United States' motion to dismiss, the government explained that normally the statute of limitations would have expired for these years prior to June 30, 1981. However, the debtors executed Forms 872, extending the statute of limitations for assessment of tax for the years 1973–1976 to June 30, 1981. Under the terms of the consents, a Notice of Deficiency could be sent to the debt-

ors at any time up to and including June 30, 1981, the date on which the notice in this case was mailed. Moreover, with regard to the year 1977, the debtors filed their return on August 15, 1978. Thus, the statute of limitations for assessment for the year 1977 did not commence to run until that date. Section 6501(a) of the Internal Revenue Code of 1954. Therefore a Notice of Deficiency could be issued for the

ber 25, 1981, the Debtors mailed a petition to the United States Tax Court in which they requested a redetermination of the deficiencies proposed in the Notice of Deficiency.

On January, 1983, the Debtors filed a voluntary petition, seeking relief under Chapter 7 of the Bankruptcy Code. The Debtors thereafter amended their petition to include the IRS as a creditor having an unsecured claim without priority. On or about May 2, 1983, the IRS filed a proof of claim for the years 1973 through 1977 in the amount of $442,652.05. The IRS listed the taxes and accrued interest for the years 1973 through 1977 as unsecured priority claims. Subsequently, on May 25, 1983, the court issued an order, discharging the Debtors from "all dischargeable debts". Hence, the issue presented by the instant motion is whether the income taxes involved herein are dischargeable pursuant to the court's May, 1983 Order.

Federal Rules of Bankruptcy Procedure, Rule 7012(b) and Federal Rules of Civil Procedure Rule 12(b)(6) provide that a Defendant may raise the defense of failure to state a claim upon which relief can be granted in the form of a motion. This rule further provides that if at the 12(b)(6) hearing matters outside the pleadings are presented, the court shall treat the 12(b)(6) motion as a motion for summary judgment pursuant to Fed.R.Bankr.P. 7056 and Fed. R.Civ.P. 56. A 12(b)(6) motion tests the legal sufficiency of the complaint. 2 A *Moore's Federal Practice*, Par. 12.05, pp. 2265–2266 (2 ed. 1984). For purposes of the 12(b)(6) motion, well pleaded material allegations in the complaint are taken as true and admitted. *Id.* at 2266. *See also*

*Mitchell v. Archibald & Kendall, Inc.*, 573 F.2d 429 (7th Cir.1978); *City of Milwaukee v. Saxbe*, 546 F.2d 693. (7th Cir.1976).

Pursuant to Section 727(b) of the Bankruptcy Code, a discharge granted under subsection (a) of that section, discharges the debtor from all debts arising before the date of the order for relief, except those debts which are excepted from discharge under Section 523 of the Bankruptcy Code. Section 523, in relevant part, excepts from discharge any debt for a tax of the kind and for the periods set forth in Section 507(a)(6) of the Bankruptcy Code.

Section 507(a)(6)(A) relates to taxes "on or measured by income or gross receipts." The taxes involved herein, income taxes, are taxes "on or measured by income or gross receipts." The section then sets forth three categories of such taxes: (1) taxes for which the return was last due within three years of the filing of the petition; (2) taxes assessed within 240 days before the filing of the petition; *or* (3) taxes "other than a tax of a kind specified in Section 523(a)(1)(B) or 523(a)(1)(C)[2] of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case."

The taxes in question herein were not assessed before the filing of the petition. Assessment of the taxes was (and is presently) prohibited by Section 6213(a) of the Internal Revenue Code of 1954.[3] However, the IRS argues that the taxes are assessable after the commencement of the debtors' case. *See* Internal Revenue Code of 1954, Sections 6213(a) and 6503(a)(1).

It seems clear that the taxes in question fall under 11 U.S.C. Section 507(a)(6). Consequently, it would appear that the taxes

---

year at any time up to and including August 15, 1981. Accordingly, the notice was timely as to all years in issue.

**2.** The exceptions to Section 507(a)(6)(A)(iii) do not apply in this case. The debtors filed returns (Section 523(a)(1)(B)(i)); no late returns were filed within two years of the bankruptcy (Section 523(a)(1)(B)(ii)); and there are no allegations of fraud or a willful attempt to evade tax (Section 523(a)(2)(C)). If the taxes involved herein met one of the exceptions, they would

still be nondischargeable, however, they would not be entitled to priority under Section 507(a)(6).

**3.** The assessment was also prohibited by the automatic stay of Section 362 of the Bankruptcy Code, at least until the debtors were granted a discharge. The assessment is still prohibited because of the pending Tax Court action. Section 6213(a) of the Internal Revenue Code of 1954.

**422**

are nondischargeable debts. Section 523(a)(1)(A). However, the Debtors argue that, as a result of the 1984 amendments to the Bankruptcy Code, Section 523(a)(1)(A) no longer excepted from discharge certain tax liabilities granted priority status under Section 507 of the Code. The Debtors contend that, as a result of the addition of new Section 507(a)(5), taxes which were previously accorded a sixth priority were, after the amendment, accorded a seventh priority in Section 507(a)(7). Since Section 523(a)(1)(A), dealing with dischargeability, does not contain a conforming amendment, but rather, still refers to taxes of a kind described in Section 507(a)(6), the debtors argued that the taxes are no longer excepted from discharge. The court finds the Debtors' argument unpersuasive.

On July 10, 1984, the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, was enacted. Among many changes made to the Bankruptcy Code, P.L. 98–353, added a new category of priority claims to Section 507 of the Code. The new category was added as Section 507(a)(5). As a result of this addition, Sections 507(a)(5) and 507(a)(6) were renumbered as Section 507(a)(6) and 507(a)(7). P.L. 98–353, Section 350. However, the amendment to Section 507 is effective only as to cases filed 90 days after the enactment of P.L. 98–353. Section 533(a). Since the Debtors' petition to this action was filed January 5, 1983, long before the enactment of P.L. 98–353, the amendment to Section 507 has no effect on the resolution of this case and the law must be read as it existed prior to the 1984 amendment. Since under the Code, as it existed before the 1984 amendments, the debtors' 1973–1977 tax liabilities are "of the kind and for the periods specified in section ... 507(a)(6)," those taxes are nondischargeable under Section 523(a)(1)(A) of the Bankruptcy Code. The court therefore concludes that the Debtors have failed to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the United States of America's motion to dismiss Adversary No. 248–0192 be, and hereby is, Allowed. Case dismissed. Cause Stricken.