**In re FIRST FEDERAL CORPORATION, Debtor.**

**COMMONWEALTH OF VIRGINIA and Commonwealth of Virginia ex rel. Virginia Real Estate Commission, Plaintiffs/Appellants,**

v.

**FIRST FEDERAL CORPORATION, Defendant/Appellee.**

**Bankruptcy No. 5–83–00482. Misc. No. 84–M–6(H).**

United States District Court, W.D. Virginia, Harrisonburg Division.

July 9, 1984.

Edward P. Nolde, Asst. Atty. Gen., for the Com. of Va., Richmond, Va., for plaintiffs/appellants.

Mark Feldmann, Roanoke, Va., for defendant/appellee.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter is before the court on an appeal from an Order entered by the United States Bankruptcy Court for the Western District of Virginia [hereinafter "Bankruptcy Court"] on January 23, 1984. The Bankruptcy Court, in its order, refused to exempt the Commonwealth of Virginia and the Virginia Real Estate Commission [hereinafter "the appellants"] from the automatic stay of all proceedings which went into effect under 11 U.S.C. § 362(a) when First Federal Corporation [hereinafter "the debtor"] filed a Chapter 11 petition in the Bankruptcy Court. The appellants argue that the Bankruptcy Court erred in refusing to recognize that the Bankruptcy Code specifically exempts from the automatic stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4). The appellants ask this court to reverse or modify the Bankruptcy Court's Order of January 23, 1984, to permit them to proceed with law enforcement and regulatory actions in state court.

The Bankruptcy Court, in its Order of January 23, 1984, while refusing to exempt the appellants from the automatic stay, nevertheless sought to protect the interests which the appellants argued were jeopardized by the automatic stay by prohibiting the debtor from engaging in any further marketing or offering of any time share units without prior approval of the Bankruptcy Court. In its Memorandum Opinion, the Bankruptcy Court stated that its doors were wide open to hear whatever claims the appellants wish to advance for injunctive or declaratory relief under the laws of Virginia and therefore recourse to Virginia's state court system would not be necessary. Despite these safeguards, the appellants insist that under the Bankruptcy Code they are exempt from the automatic stay in any proceedings commenced to prevent violations of anti-fraud laws, consumer protection laws, or similar regulatory enactments.

 In its posture as a court reviewing decisions made by the Bankruptcy Court, this court is bound to uphold the decisions of the lower court unless that court has made findings of fact which are clearly erroneous, or has committed an error of law. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). The limitation which the clearly erroneous standard imposes on an appellate court does not apply to its review of conclusions of law. Such conclusions, if objected to by a party, are afforded a *de novo* review. *See In Re Bubble Up Delaware, Inc.*, 684 F.2d 1259, 1262 (9th Cir.1982); Bankruptcy Rules 7052(a), 8013.

11 U.S.C. § 362(a)(1) provides that:

Except as provided in subsection (b) of this section, a petition filed under section

301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

．　　．　　．　　．　　．

However, this provision is supplemented by section 362(b)(4) which provides that:

[t]he filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

．　　．　　．　　．　　．

(4) under section (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power, ...

As the Third Circuit Court of Appeals has recently stated, section 362(b)(4) "return[s] to the states with one hand some of what was taken away by the other," i.e., by the automatic stay. *Penn Terra Ltd. v. Pennsylvania Department of Environmental Resources,* 733 F.2d 267, 272 (3d Cir.1984). The Congressional Reports which accompanied the passage of these sections state

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

House Report No. 95–595, 95th Cong. 1st Session (1977) 342–3, Senate Report No. 95–989, 95th Cong. 2d Session (1978) 51–2, reprinted in [1978] U.S.Code Cong. and Adm.News 5787, 5963, 6299. In addition,

Congressman Don Edwards, Chairman of a subcommittee of the Judiciary Committee considering the Bankruptcy code, noted:

This section [362(b)(4)] is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.

124 Cong. Record H 11089, reprinted in [1978] U.S.Code Cong. and Adm.News 6436, 6444–6445.

Obviously, not all proceedings commenced by governmental units against debtors are to further the state's police or regulatory interests. In some instances, actions may be taken to protect a pecuniary interest that the state might have in the debtor's property or perhaps even to obtain a pecuniary advantage. Thus, courts have made a distinction between (1) governmental actions aimed at obtaining a pecuniary advantage for the state or its citizens, and (2) governmental actions which represent a direct application of the state's police or regulatory powers. The former are subject to the stay; the latter are not. *See, e.g., Missouri v. U.S. Bankruptcy Court,* 647 F.2d 768, 775–76 (8th Cir.1981); *In Re Aegean Fare, Inc.,* 35 B.R. 923, 927 (Bkrtcy.D.Mass.1983).

▮ The Bankruptcy Court, in its Order and Memorandum Opinion, did not address this analysis and the issues thereby raised. In denying the appellants' motion for relief from the stay, it relied on the broad jurisdictional grant given to Bankruptcy Courts under 28 U.S.C. § 1481 which consolidates bankruptcy matters in one court in order to assure the expeditious and economical resolution of bankruptcy disputes and to assure fairness to all creditors. The Bankruptcy Court was clearly concerned that if the appellants were exempt from the automatic stay, not only would the debtor have an undue burden placed upon it in defending itself in various state and federal forums, but, in addition, the assets of the debtor would be unnecessarily depleted, to the det-

riment of all creditors. In fact, if the activities sought to be enjoined in the state court proceeding are the sole or the major source of cash flow for the entities seeking to formulate and have approved a plan of reorganization, the failure to stay the state court action could readily have the practical effect of forcing a conversion of the Chapter 11 proceeding into a Chapter 7 or other liquidation proceeding. These concerns are of course fundamental to the entire federal bankruptcy system. However, as the Third Circuit recently stated, "in some instances [these concerns are] in inexorable conflict with other, no less salutary, governmental goals.... In enacting the exceptions to section 362, Congress recognized that in some circumstances, bankruptcy policy must yield to higher priorities. Indeed, if the policy of preservation of the estate is to be invariably paramount, then one could not have exceptions to the rule." *Penn Terra Ltd., supra* at 278. Therefore, if in fact the injunctive and declaratory relief which the appellants would pursue is sought to protect the public health and safety, and its effect is not to protect some pecuniary interest on the Commonwealth's part, then the appellants are exempt from the provisions of the automatic stay under section 362(b)(4).

However, the court believes these are factual determinations which ought to be made by the Bankruptcy Court. This court sits merely as an appeals court over the decisions made in the Bankruptcy Court. Accordingly, for purposes of jurisprudential order, the Bankruptcy Court ought to make the necessary factual determinations of the likely purposes and effects of the appellants' proposed state court actions. Furthermore, the Bankruptcy Court has the power, under 11 U.S.C. § 105, to stay actions even if these actions are otherwise exempt from the automatic stay. *See id.* at 273. Such a stay would not be automatic, of course, but would only issue after the appropriate notice and hearing required for the issuance of any injunction. Therefore, in an Order to be entered this day, this action shall be remanded to the Bankruptcy Court for further fact-finding proceedings and a redetermination of its January 23, 1984, Order denying the appellants' motion to modify the automatic stay of proceedings against the debtor. The Bankruptcy Court's Order shall not be vacated, however. It shall remain in effect until the Bankruptcy Court makes its findings and issues its ruling pursuant to the authorities cited herein.