In re TOM B. COALS, INC., Debtor.

Civ. A. No. 84–5166.

United States District Court,
S.D. West Virginia,
Beckley.

Feb. 8, 1985.

Richard E. Rowe, Charleston, W.Va., for appellant.

Christopher S. Smith, Charleston, W.Va., for appellee Newera Resources Corp.

## ORDER

HALLANAN, District Judge.

Now pending before the Court is an appeal filed by Tom B. Coals, Inc., Debtor (Appellant) from a final order issued by the United States Bankruptcy Court for the Southern District of West Virginia. On December 14, 1984, this Court heard oral argument from Richard E. Rowe, counsel for Appellant and from Christopher S. Smith, counsel for Appellee Newera Resources Corporation.

The Bankruptcy Court's Order which is the subject of this appeal was entered by the Honorable Ronald G. Pearson on February 8, 1984. In essence, the Bankruptcy Court found that Appellant did not present a sufficient plan which would enable it to effect a successful reorganization under Chapter 11 of the Bankruptcy Code. Specifically, the Bankruptcy Court denied Appellant's motion for a temporary restraining order which, if granted, would have required Appellee Newera, to turn over certain funds it owes to Appellant, and Appellant contends it could have effected a successful reorganization with these funds.[1]

---

1. The February 8, 1984 Order specifically held the following:

1. The motion of Tom B. Coals for temporary restraining order to require Newera to turn over funds in the adversary proceeding, *Tom B. Coals, Inc. v. New Era Resources Corporation,* A.P. No. 84–0006, is hereby denied, to which ruling Tom B. Coals by counsel objects and excepts;

2. The motion of Tom B. Coals to use cash collateral is hereby denied, to which ruling Tom B. Coals by counsel objects and excepts;

3. The motion of Shawmut to prohibit the debtor in possession's use of cash collateral held by Newera or any third party, is hereby granted, to which ruling the debtor in possession, Tom B. Coals by counsel objects and excepts;

4. The motion of Shawmut that the stay allowed under the provisions of Section 362 of the Bankruptcy Code be terminated as against Shawmut, and that Shawmut be allowed to proceed against its collateral pursuant to its rights under its loan/security agreement, is hereby granted only with respect to all said accounts receivable, to which ruling Tom B. Coals by counsel objects and excepts;

5. The motion of Newera for a temporary restraining order to authorize it to commence

■ After carefully considering arguments of counsel, memoranda of law, and the pleadings in general, it is the opinion of the Court that the decision of the Bankruptcy Court should be affirmed. This Court bases its opinion on several factors. First, Appellant has failed to prove that the Bankruptcy Court's findings of fact are clearly erroneous. It is well-settled that the Bankruptcy Court's findings of fact must be upheld by the District Court unless clearly erroneous. *In re First Federal Corp.*, 42 B.R. 682 (W.D.Va.1984).

■ Second, the Court finds that Appellant has failed to satisfy the "balance-of-hardship" test which is the standard for entry of temporary injunctive relief. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977).

Appellant attempted to convince the Court that it would suffer "irreparable harm" without the $125,000 it alleges Newera owes to it. However, the Bankruptcy Court correctly found that Appellant would not suffer irreparable harm because even if it had the funds, it still would be unable to formulate a successful reorganization. Moreover, the "balance-of-hardship" analysis weighs heavily in favor of Appellant's creditors if the injunctive relief were granted. Appellant could not guarantee it could reclaim the mined property, which harms Newera. Further, Appellant's plan to prove a lien to Shawmet Bank on its future receivables does not provide adequate protection to Shawmet under the Bankruptcy Code.

Accordingly, it is hereby ORDERED that the decision of the Bankruptcy Court be AFFIRMED, and the appeal be DISMISSED from the docket of this Court.

reclamation work on the Premises described in the aforesaid Amended Surface Coal Mining Contract is hereby granted, to which ruling Tom B. Coals objects and excepts;

6. The Court reserves ruling on the motion of Newera that all costs and expenses of performing the aforesaid reclamation be treated as administrative priority expenses pursuant to Section 503(b)(1) of the Bankruptcy Code to the extent they are not covered by setoff;

7. The motion of Newera for a temporary restraining order authorizing it to mine and remove coal from the aforesaid Premises is hereby denied, to which ruling Newera by counsel hereby objects and excepts.