**UNITED STATES of America, Appellant,**

v.

**H.G.D. & J. MINING COMPANY, INC., Appellees.**

**In re H.G.D. & J. MINING COMPANY, INC., Debtor.**

**Bankruptcy No. 84–30140. Civ. A. No. 3:86–0270.**

United States District Court, S.D. West Virginia, Huntington Division.

Nov. 24, 1986.

David A. Faber, U.S. Atty., Sarah G. Sullivan, Asst. U.S. Atty., Charleston, W.Va., Martin Teel, U.S. Dept. of Justice, Tax Div., Washington, D.C., for appellant.

Kirk L. Frankel, Norman E. Rood, Huntington, W.Va., for appellees.

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

The court has before it the appeal of the United States from a ruling of the Bankruptcy Court for this district. The Bankruptcy Court held that as a matter of law interest on tax claims[1] which accrued prior to the debtor filing a petition in bankruptcy was not entitled to the priority given the tax claim itself pursuant to 11 U.S.C.A. § 507(a)(6) (West 1979) (now § 507(a)(7) (West Supp.1986)).[2] Because we, respectfully, disagree with the reasoning of that court, the decision will be reversed.

The Bankruptcy Court based its ruling that interest on pre-petition tax claims was not entitled to the priority of § 507(a)(6) largely on the legislative history of that statute. Agreeing with the court *In re Razorback Ready-Mix Concrete Co.,* 45 B.R. 917 (Bankr.E.D.Ark.1984), it held that because the final version of § 507(a) which was enacted into law did not include any specific provision for giving priority to interest on a tax claim, 124 Cong.Rec. H11089 (Sept. 18, 1978) (statement of Rep. Edwards), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6436, 6451 & 6494–99 and 124 Cong.Rec. S17406 (Oct. 6, 1978) (statement of Sen. DeConcini), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6505, 6520, while the original Senate version had contained such a provision, S.Rep. No. 989, 95th Cong., 2d Sess. 73, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5859, this signaled an intention on the part of Congress not to give such interest a priority. The Bankruptcy Court found support for its conclusion as to Congressional intent in that Congress had set out in detail those taxes, § 507(a)(6), and even penalties on taxes, § 507(a)(6)(G) (now § 507(a)(7)(G)), which would be given priority. In other words, *expressio unius est exclusio alterius.*

The majority of courts, however, have granted a priority to the interest on pre-petition tax claims. *In re Palmer,* 53 B.R. 545 (Bankr.N.D.Tex.1985); *In re Pharmadyne Laboratories, Inc.,* 53 B.R. 517, 522 (Bankr.D.N.J.1985); *In re Treister,* 52 B.R. 735 (Bankr.S.D.N.Y.1985); *In re Healis,* 49 B.R. 939, 942 (Bankr.M.D.Pa.1985); *In re Hernando Appliances, Inc.,* 41 B.R. 24, 26 (Bankr.N.D.Miss.1983); *In re Coleman American Companies, Inc.,* 26 B.R. 825, 831 (Bankr.D.Kan.1983); *In re South Shore Vending, Inc.,* 25 B.R. 111, 114

---

1. The claim of the Office of Surface Mining is for unpaid reclamation fees. However, for the purpose of determining priorities under 11 U.S.C.A. § 507(a) (West 1979 & Supp. 1986) such fees are treated the same as taxes. *In re Sunset Enterprises, Inc.,* 49 B.R. 296 (Bankr.W.D.Va. 1985).

2. Our review is *de novo* since the challenge is to the Bankruptcy Court's ruling on a matter of law. *In re First Federal Corp.,* 42 B.R. 682, 683 (W.D.Va.1984); *In re Patch,* 24 B.R. 563, 565 (D.Md.1982).

(Bankr.D.Mass.1982); *In re Coleman American Moving Services, Inc.,* 20 B.R. 267, 269 (Bankr.D.Kan.1981); *In re Frost,* 19 B.R. 804, 809 (Bankr.D.Kan.1982). Unfortunately, only in *Palmer* and *Treister* did the courts articulate their reasons for allowing the priority. Furthermore, we are not assisted by, nor do we rely on, the decision in *In re Palmer* because we disagree with that court's ruling that the interest on pre-petition tax claims should be granted a priority because it is a penalty under 11 U.S.C.A., § 507(a)(6)(G) (West 1979). 53 B.R. at 549. As to *In re Treister, supra,* although it supports our decision, it is not the basis therefor. Instead, the underpinning of our ruling to allow the interest on a tax claim to be given the same priority as the tax claim itself is *United States v. Friendship College, Inc.,* 737 F.2d 430 (4th Cir.1984).

One of the major issues in *Friendship College* was whether or not post-petition tax claims should be given first priority as administrative expenses or sixth priority as tax claims under § 507(a). The Fourth Circuit held that they should be treated as administrative expenses pursuant to 11 U.S.C.A. § 503(b)(1)(B)(i) (West 1979 & Supp. 1986). The court was also presented with the question of how to treat the penalties and interest on the post-petition tax claims. It held that the penalties also must be given first priority because of their explicit inclusion as administrative expenses in § 503(b)(1)(C). 737 F.2d at 432–33. Although the trustee of the debtor's estate argued that interest should not be given the same status because it was not specifically included in § 503 as were the penalties on taxes, *id.* at 433, the Fourth Circuit disagreed. It said:

> Interest ... is not mentioned by the *Code,* but we find no support anywhere for differentiation in the treatment of the tax and the interest thereon.... To treat interest inconsistently from the taxes and penalties, we would require proof that such different treatment was intended by the Code. Instead, the only indication we have one way or the other suggests that interest should be first priority, *see,* Report of the Senate Judiciary Committee, S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), at 66, *reprinted in,* 1978 U.S.Code Cong. & Admin.News, 5787, where it was stated that interest on first priority taxes should also receive first priority treatment. We therefore opt for consistency. The Code does allow us to do this by treating the interest as a general administrative expense under § 503.

*Id.* However, no such provision or understanding regarding the treatment of interest was even discussed in the House bill, H.R.Rep. 595, 95th Cong., 2d Sess. 190, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5963, 6151 & 6311, or in the final compromise bill that became law. 124 Cong.Rec. H11089 (Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* 1978 U.S.Code Cong. & Ad. News 6436, 6450 and 124 Cong.Rec. S17406 (Oct. 6, 1978) (statement of Sen. DeConcini), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6505, 6519. The Fourth Circuit thus held that interest on a post-petition tax claim was to be included as part of the administrative expense and given the same priority as the tax claim itself even though it was not explicitly provided for in the statute—§ 503(b)(1)—that otherwise specifically stated which elements of a tax claim could be included as an administrative expense.

As we said previously, this court believes that *Friendship College* should guide our decision here. The final version of § 507(a)(6) did not provide for the priority treatment of interest on a tax claim even though the Senate bill did. However, we can find no proof in the Bankruptcy Act or its legislative history that Congress intended to treat interest on a tax claim differently from the tax claim itself. *See, Friendship College, Inc.,* 737 F.2d at 433. Furthermore, the fact that interest was not included in the detailed listing in § 507(a)(6) of tax claims entitled to priority does not mean that it was excluded. Interest was not listed as an element of an administrative expense in § 503(b)(1) while the tax and any penalty on the tax were and yet the Fourth Circuit held that it was such an

element. *Id.* We think the reasoning of the Fourth Circuit that the tax and the interest thereon should be treated the same applies equally in regard to interest on tax claims under § 507(a). Therefore, this court holds that pre-petition interest on a pre-petition tax claim should be given the same priority as the underlying tax claim itself.

For the reasons stated in this memorandum opinion, it is hereby ORDERED that the appeal of the United States of America from the ruling of February 3, 1986, of the Bankruptcy Court of the Southern District of West Virginia be, and the same hereby is, SUSTAINED and GRANTED. It is ORDERED that said ruling of the Bankruptcy Court be, and the same hereby is, REVERSED. It is further ORDERED that this matter be REMANDED to the Bankruptcy Court for further action consistent with this memorandum opinion.

The clerk of the court is directed to mail a certified copy of this order to the Clerk of the Bankruptcy Court for this district and to all counsel of record.