**In re ROY AMERSON, INC., Debtor.**

**Bankruptcy No. 82–2427–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1988.

Marika Lancaster, Tax Atty., Washington, D.C., for the Dept. of Justice.

Dennis I. Moore, Asst. U.S. Atty., Tampa, Fla.

Malka Isaak, Tampa, Fla., for debtor.

Harley Riedel, Tampa, Fla., for creditors committee.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion for Summary Judgment on Objection to Request for Payment of Administrative Expense of the Internal Revenue Service (Government) filed by Roy Amerson, Inc. (Debtor), the Debtor in the above-captioned Chapter 11 case. The Court has considered the Objection and Motion, together with the record and argument of counsel, and finds as follows:

On March 31, 1988, the Government filed a Request for Payment of Administrative Expense in the amount of $291,180.21, comprised of postpetition taxes in the amount of $137,253.50, interest accruing postpetition on these amounts in the total sum of $82,586.59, and penalties totaling $71,340.12.

On June 24, 1988, the Government filed an Amended Request for Payment of Administrative Expense in the total amount of $183,888.35, comprised of postpetition taxes in the amount of $39,668.24, interest accruing postpetition on this amount in the total sum of $86,920.26, and penalties totaling $57,299.85.

While the Debtor concedes that the underlying tax claim may be allowed as an administrative expense, it contends that the interest assessed by the Government on its post-petition claim should be disallowed pursuant to § 503(b)(1)(B)(i) and

§ 503(b)(1)(C) of the Bankruptcy Code, which provide as follows:

§ 503. Allowance of administrative expenses

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)

(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title; or ...

(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph;....

It is the contention of the Debtor that as the allowance of interest as an administrative expense is not explicit in these Code sections, it may not be allowed. In opposition, the Government contends that the types of claims specified in § 503 as administrative expenses are not exclusive, and the fact that interest on tax is not specifically listed does not rule out a determination by this Court that interest accruing post-petition is an allowable administrative expense. In turn, the Government claims that interest is an integral part of any tax debt, and, therefore, any reference to a tax in the Code likewise refers to interest on that tax.

In resolving this matter, it appears clear to this Court that a split of authority exists as to whether interest on post-petition, preconfirmation tax claims is an allowable administrative expense. The line of cases relied upon by the Debtor hold, of course, that interest on post-petition tax claims is not allowable as an administrative expense, and these cases are based on an analysis of the legislative history of the relevant Code sections. In support of its position, the Debtor cites the case of *In the Matter of Lumara Foods of America, Inc.*, 50 B.R. 809 (Bkrtcy. N.D.Ohio 1985), which involved the Minnesota Department of Revenue's Request for administrative expense for postpetition sales and withholding taxes plus accrued interest and penalties. The

Bankruptcy Court disallowed the request for priority treatment of interest and noted that because the Senate bill's version of § 503(b)(1)(B)(i) expressly treated interest as an administrative expense, and the final version of § 503(b)(1)(B)(i) which became law did not, the omission was a deliberate and intentional deletion, and thus, the intent of Congress in formulating this code section was to disallow interest on postpetition tax claims as an administrative expense. *See also In re Mansfield Tire & Rubber Co.*, 73 B.R. 735 (Bkrtcy. N.D.Ohio 1987); *In the Matter of Hirsch–Franklin Enterprises, Inc.*, 63 B.R. 864 (Bkrtcy.M.D. Ga.1986); *In re H & C Enterprises*, 35 B.R. 352 (Bkrtcy D. Idaho 1983); *In re Stack Steel & Supply Co.*, 28 B.R. 151 (Bkrtcy.W.D.Wash.1983).

In contrast the cases relied upon by the Government reason that silence in § 503 as to interest should not be interpreted to mean an intentional omission, and that postpetition interest may be allowed as an administrative expense, reasoning either that interest is part and parcel of the tax debt, pursuant to *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed. 2d 772 (1964) and, therefore, a specific inclusion of the word "interest" in § 503 would be unnecessary; that there is no Congressional history stating that interest should be treated differently from penalties or the tax itself, or that interest is an element of the fine or penalty provided for in § 503(b)(1)(C). *See In re H.D.G. & J. Mining Co., Inc.*, 74 B.R. 122 (D.C.W.Va 1986), *aff'd per curiam* 836 F.2d 546 (4th Cir.1987); *United States v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir.1984); *In re Gould & Eberhardt Gear Machinery Corp.*, 80 B.R. 614 (D.C.Mass.1987); *In re Associated Air Services, Inc.*, 75 B.R. 47 (Bkrtcy.S.D.Fla.1987); *In re Patch Press, Inc.*, 71 B.R. 345 (Bkrtcy.W.D.Wis.1987); *In re General Polymerics Corp.*, 54 B.R. 523 (Bkrtcy.D.Conn.1985); *In re Pharmadyne Laboratories, Inc.*, 53 B.R. 517 (Bkrtcy.D.N.J.1985); *In re Thompson*, 67 B.R. 1 (Bkrtcy. N.D.Ohio 1984); *In re Razorback Ready–Mix Concrete Co.*, 45 B.R. 917 (Bkrtcy. E.D.Ark.1984); *In re Ridge-*

528

*wood Sacramento, Inc.,* 20 B.R. 443 (Bkrtcy.E.D.Cal.1982)

It is well established that § 503 should be narrowly construed to keep administrative costs at a minimum in order to further the Debtor's rehabilitation, *In re America International Airways, Inc.,* 77 B.R. 490 (Bkrtcy.E.D.Pa.1987). It is further true that administrative expenses are counterproductive to furthering the Debtor's rehabilitation and are detrimental to the general estate as they must be paid in full as a condition precedent to confirmation pursuant to § 1129(a)(9)(A) of the Bankruptcy Code unless such payment is waived. Nevertheless, this Court is satisfied that interest accruing on postpetition taxes should be an allowable administrative expense for the following reasons: First, at the commencement of this case, the Court entered an order directing the Debtor to pay all taxes accruing during the operation of the business. As the Debtor did not timely pay these taxes, it willfully violated this Order, and it essentially deprived the Government of the use of those tax funds while at the same time it used those tax funds for purposes of reorganization. Second, refusing to allow interest on postpetition taxes as an administrative expense would essentially be granting the Debtor an interest free loan at the Government's expense. As the Debtor's reorganization should be financed by the Debtor and not its postpetition creditors, this Court is satisfied that the Debtor's Motion for Summary Judgment must be denied as to interest.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, denied as to postpetition interest. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection as it relates to postpetition interest be, and the same is hereby, overruled, and the Government's Request for Administrative Expense as it relates to postpetition interest be, and the same is hereby, granted.