**In re T.J. LUNSFORD, Jr. d/b/a T.J. Express, Debtor.**

**Bankruptcy No. 88–7135–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 2, 1990.

Jack H. Weech, Jr., Lakeland, Fla., for debtor.

Gator Commercial & Wholesale, Philip R. Lazzara, Tampa Fla.

Lynne England, Asst. U.S. Trustee, Tampa, Fla.

Davis Bandag Recapping & Tire Co., Stephen F. Baker, Winter Haven, Fla.

Southeast Bank N.A., Philip O. Allen, Lakeland, Fla.

Moore International Trucks, Inc., Stephen F. Baker, Winter Haven, Fla.

Melody Gensen, Sarasota, Fla.

GMAC, P/A Larry Foyle, Tampa, Fla.

Commercial & Wholesale Tire, Phillip R. Lazzara, Tampa, Fla.

Paccar Financial, Robert Buesing, Tampa, Fla.

Associates Commercial Corp., John S. Schoene, Winter Haven, Fla.

## ORDER ON APPLICATION OF THE IRS FOR PAYMENT OF ADMINISTRATIVE EXPENSE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon an Application of the Internal Revenue Service (IRS) for payment of administrative expenses in the above-captioned Chapter 11 case. The facts are without dispute and T.J. Lunsford, Jr., d/b/a T.J. Express (Debtor) admits that he is in fact indebted to the IRS for taxes accrued post-Petition in the amount claimed by the IRS. The Debtor has raised the somewhat novel proposition in opposition to the Application claiming that post-Petition tax liabilities are not chargeable as administrative expenses because they are excepted from the application by Section 503.

The argument of the Debtor runs as follows. 11 U.S.C. Section 503(b)(1)(B) provides that any tax incurred by the estate shall be allowed as an administrative expense *unless the tax is a kind specified in 11 U.S.C. § 507(a)(7)*. (emphasis added) Specifically, Section 507(a)(7)(C) accords priority to taxes which were "required to be collected or withheld for which the Debtor is liable in whatever capacity". The Debtor contends that a literal reading of Section 507(a)(7) compels the conclusion that the FICA and FUTA taxes incurred postpetition by a debtor-in-possession fall within this category and, therefore, are excepted from the operation of Section 503(b)(1)(B).

While the proposition urged by the Debtor may appear to be attractive at first blush, it does not bear close analysis. First, the Debtor's argument fails to take

**48**

into account the difference between the "debtor" and the "estate". Section 507(a)(7)(C) includes taxes for which the debtor is liable. The use of the term "debtor" implies that this Section refers only to prepetition tax liabilities and not to liabilities of a "debtor-in-possession", a separate legal entity. Moreover, Section 503 provides for the allowance of administrative expenses incurred by the "estate". This necessarily must refer to postpetition liabilities since there is no bankruptcy estate until after the commencement of the case. Since the Code provides for allowance of postpetition taxes incurred by the "estate" as administrative expenses under Section 503(b)(1)(B) as distinguished by tax liability of the Debtor, the exception for the operation of Section 503 does not apply to taxes incurred by the estate postpetition but is limited to the taxes incurred by the "debtor" prepetition. *United States v. Friendship College, Inc.*, 737 F.2d 430 (4th Cir. 1984).

■ This leaves for consideration the issue of whether interest accrued on the tax liability for unpaid post-petition taxes should be allowed as an administrative expense. As a general proposition, postpetition liabilities incurred by the estate do not earn interest. Payment of interest on postpetition taxes is not mentioned by the Code. It is equally clear, however, that by virtue of specific statutory provisions the Government is entitled to interest on past due taxes until they are paid. 26 U.S.C. § 6601.

There is no logical reason to treat postpetition taxes and the interest accruing on the same unpaid postpetition taxes differently. The legislative history of Section 503 suggests that interest should also be accorded to first priority status. See *Report of the Senate Judiciary Committee*, S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), at 66, Reprinted in, 1978 U.S.Code Cong. and Admin.News, 5787–5852. In addition, case law supports the conclusion that interest accrued on unpaid postpetition taxes should also be treated an administrative expense status. *United States v. Friendship College, supra; In re Roy Amerson, Inc.*, 90 B.R. 526 (Bankr.M.D.Fla. 1988).

Based on the foregoing, this Court is satisfied that the Debtor's argument is without merit.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application for Administrative Expense filed by the IRS be, and the same is hereby, approved. It is further

ORDERED, ADJUDGED AND DECREED that the administrative expense claim of the IRS for FICA, FUTA and highway use taxes be, and the same is hereby, allowed as an administrative expense with interest pursuant to 11 U.S.C. § 503(b)(1)(B), without prejudice to the Debtor to challenge the amount of such administrative expense claim, if so deemed to be advised. It is further

ORDERED, ADJUDGED AND DECREED that the postpetition tax claim of the Government shall be paid in full as condition precedent to confirmation of any plan of reorganization unless the Government accepts different treatment.

DONE AND ORDERED.