**In re Leonard E. TREISTER, Debtor.**

**Bankruptcy No. 83 B 10731 (TLB).**

United States Bankruptcy Court, S.D. New York.

Sept. 5, 1985.

Harris D. Leinwand, New York City, for debtor.

Rudolph W. Giuliani, U.S. Atty. S.D.N.Y. by Alan Nisselson, New York City, for I.R.S.

## OPINION ON OBJECTION TO TAX CLAIMS

TINA L. BROZMAN, Bankruptcy Judge.

This dispute involves a debtor's challenge to priority tax claims filed by the Internal Revenue Service ("I.R.S."). On May 13, 1983 the debtor filed a petition under chapter 7 of the Bankruptcy Code (the "Code") and, by order dated October 5, 1983, was discharged of all debts dischargeable under 11 U.S.C. § 523. On March 8, 1985, the Internal Revenue Service ("I.R.S.") filed an amended proof of claim in the amount of $21,695.26.[1] All taxes were listed as unsecured priority claims and were reflected on the proof of claim as follows:

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| Individual Income | 12–31–75 | Proposed Deficiency | $12,492.00 | –0– |
| Individual Income | 12–31–76 | Proposed Deficiency | 8,077.00 | –0– |
| Individual Income | 12–31–81 | Unassessed | 930.00 | 196.26 |

The debtor, who had received filing extensions through December 15, 1976, filed a timely 1975 Individual Tax Return on behalf of himself and Diana Treister on October 28, 1976. He timely filed his 1976 Individual Income Tax Return on behalf of himself and Diana Treister on October 14, 1977, having received filing extensions through October 15, 1977.

A statutory notice of deficiency for the 1975 and 1976 taxable years was sent by the I.R.S. to the debtor and Diane Treister on August 24, 1979. In accordance with section 6213(a) of the Internal Revenue Code ("I.R.C."), the three year time period for the I.R.S. to make assessments for those years was suspended during the 90 day period following the issuance of the statutory notice plus an additional 60 days. Thereafter, on November 19, 1979, the debtor and Diane Treister filed a petition with the United States Tax Court thereby restricting assessment by the I.R.S. *See* I.R.C. § 6213. The tax court case was

---

**1.** The claim amended a prior proof of claim filed October 4, 1983 in the amount of $20,-567.00.

tried on April 18, 1984 and is currently *sub judice*.

The debtor's motion seeks reclassification of two parts of the I.R.S. claim. First, it seeks to reclassify the I.R.S. claim for the 1975 and 1976 taxable years from a priority claim to a general unsecured claim and thus render those portions of the claim dischargeable. Second, it seeks to reclassify the $196.26 pre-petition interest associated with the 1981 claim from a priority to a general unsecured claim and similarly declare that amount dischargeable.[2] For the following reasons, the debtor's motion is denied in its entirety.

## A. *Pre-petition Interest*

The issue of whether pre-petition interest on a tax afforded priority under section 507(a)(6)[3] is granted the same priority as the underlying tax has been addressed by two bankruptcy courts whose decisions are in conflict. This Court is in accord with the decision in *In re Coleman American Companies*, 26 B.R. 825 (Bankr. D.Kan.1983) which without any discussion (since the point was conceded by the debtor-in-possession) states that to the extent the underlying tax claim is accorded priority, so, too, is the interest accrued on that claim before the bankruptcy petition was filed. *Id.* at 831. *See also In re Hernando Appliances, Inc.*, 41 B.R. 24 (Bankr.N. D.Miss.1983) (treating the assessed tax and interest as unsecured priority claims and distinguishing tax penalties which were denied priority and treated as general unsecured claims). *Contra In re Razorback Ready Mix Concrete Co.*, 45 B.R. 917, 12 B.C.D. 356 (Bankr.E.D.Ark.1984).

Section 507(a)(6) accords priority to certain "allowed unsecured *claims* of govern-

mental units." (Emphasis added). The term "claim" is broadly defined in section 101(4) to include the "right to payment"[4] and thus in this context is read to include interest. The legislative history of another section which discusses "claim" is supportive. Originally, the Senate included a provision in section 726 which expressly provided that the term "claim" should include interest. The House deleted that provision stating it was unnecessary "since a right to payment for the interest due is a right to payment which is within the definition of "claim" in section 101(4)...." 124 Cong. Rec.H. 11098 (Sept. 28, 1978); S. 17, 415 (Oct. 6, 1978). *See also* S.Rep. No. 95–989, 95th Cong.2d Sess. 97 (1978), U.S.Code Cong. & Admin.News 1978, 5787. Accordingly, the pre-petition interest of 196.26 associated with the 1981 priority tax claim will similarly be accorded priority under section 507(a)(6).

## B. *1975 and 1976 Claims*

The debtor asserts that the 1975 and 1976 tax claims are general unsecured claims falling outside the scope of section 507(a)(6) and thus dischargeable under section 523(a)(1)(A).[5] The Government argues, however, that based upon the factual circumstances at bar as well as the applicable case law and legislative history, the 1975 and 1976 tax claims are priority claims in accordance with section 507(a)(6)(A)(iii) and are therefore excepted from discharge under section 523(a)(1)(A).

Thus, the central inquiry is whether the 1975 and 1976 tax claims fall within former section 507(a)(6)(A)(iii), which read:

(a) The following expenses and claims have priority in the following order:

\*　　\*　　\*　　\*　　\*　　\*

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured or unsecured; ...."

---

**2.** Debtor is in agreement that the 1981 tax claim exclusive of interest is properly classified as a priority claim.

**3.** This section has been redesignated as 507(a)(7) by the Bankruptcy Amendments and Federal Judgeship Act of 1984 which does not apply to this case.

**4.** Section 101(4) reads in part:
(4) "claim means—

**5.** Section 523(a)(1)(A) excepts from discharge a tax "of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed...."

(b) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—(A) a tax on or measured by income or gross receipts—

\* \* \* \* \* \*

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case....

Concededly, the court's scrutiny must be directed to § 507(a)(6)(A)(iii), since neither § 523(a)(1)(B) nor (C) applies.

■ The requirement of section 507(a)(6)(A)(iii) that the tax not be assessed before, but assessable, after, the commencement of the case has been met. The issuance of the statutory notice of deficiency by the I.R.S. suspended the period for it to make an assessment for the 90 days following issuance of the notice plus an additional 60 days. 26 U.S.C. §§ 6213(a) and 6503(a). The period was further suspended when the debtor filed a petition in Tax Court on November 19, 1976. Pursuant to 26 U.S.C. § 6503(a), the time to make an assessment was thereby stayed until such time as the petition was decided or dismissed. 26 U.S.C. § 6503(a). Inasmuch as the tax court proceeding is *sub judice*, the time for the I.R.S. to make an assessment has still not expired for the 1975 and 1976 taxable years. Thus, section 507(a)(6)(A)(iii) applies and the 1975 and 1976 taxes remain properly classified as priority unsecured claims which, pursuant to section 523(a)(1)(A), are nondischargeable. *See In re Massoni*, 20 B.R. 416 (Bankr.D.Kan.1982); *In re Cooper*, 48 B.R. 420 (Bankr.C.D.Ill.1985).[6] This conclusion is consistent with the legislative history. The Senate Report states:

The sixth priority category also included taxes which the tax authority was barred by law from assessing or collecting at any time during the 300 days before the petition under title 11 was filed (sec. 507(a)(6)(B)(ii). In the case of certain Federal taxes, this preserves a priority for tax liabilities for years more than three years before the filing of the petition where the debtor and the Internal Revenue Service were negotiating over an audit of the debtor's returns or were engaged in litigation in the Tax Court. In such situation, the tax law prohibits the service's right to assess a tax deficiency until ninety days after the service sends the taxpayer a deficiency letter or, if the taxpayer files a petition in the Tax Court during the 90-day period, until the outcome of the litigation. A similar priority exists in present law, except that the taxing authority is allowed no time to assess and collect the taxes after the restrictions on assessment (discussed above) are lifted. Some taxpayers have exploited this loophole by filing in bankruptcy immediately after the end of the 90-day period or immediately after the close of Tax Court proceedings. The bill remedies this defect by preserving a priority for taxes the assessment of which was barred by law by giving the tax authority 300 days within which to make the assessment after the lifting of the bar and then to collect or file public notice of its tax lien. Thus, if a taxpayer files a title 11 petition at any time during that 300-day period, the tax deficiency will be entitled to priority. If the petition is filed more than 300 days after the restriction on asssessment was lifted, the taxing authority will not have priority for the tax deficiency.

---

**6.** The debtor's reliance on *In re Doss*, 42 B.R. 749 (Bankr.E.D.Ark.1984) is misplaced since there the tax returns were not timely filed. Although untimely, the returns were filed sufficiently prior to the bankruptcy to remove the taxes from the exceptions to dischargeability contained in section 523(a)(1)(B). The court held that simply because a tax was a priority tax under section 507 because still assessable did

not mean that the tax was automatically nondischargeable; if the tax *was of a kind* specified in section 523(a)(1)(B) it could not be deemed nondischargeable by operation of section 507. Here the debtor's taxes are not of a kind specified in section 523(a)(1)(B) or section 523(a)(1)(C) so, if still assessable, the taxes are rendered nondischargeable.

S.Rep. 95–989, 95th Cong.2d Sess. 70–71 (1978) U.S.Code Cong. & Admin.News 1978, 5856, 5857. Although the 300-day period was eliminated from the final enactment, the priority provisions of section 507(a)(6)(A)(iii) remained the same as in the proposed legislation.

Accordingly, the debtor's motion is denied.

SETTLE ORDER.