**In re Francis Eugene COLEMAN, Debtor.**

**Verna FREDERICKSON, Plaintiff,**

v.

**Francis Eugene COLEMAN, Defendant.**

**Bankruptcy No. 84–30764.**

**Proc. No. 84–3129.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Jan. 3, 1986.

Richard W. Zimmerman, South Bend, Ind., for plaintiff.

Timothy S. Brennan, South Bend, Ind., for defendant.

### ORDER

ROBERT K. RODIBAUGH, Chief Judge.

Verna Frederickson is the former spouse of the defendant and the mother of four of his children. She has brought a complaint to determine the dischargeability of a debt. This matter was submitted to the court on briefs[1] and stipulated facts; it was taken under advisement June 13, 1985.

The parties were divorced on November 19, 1965, in Nebraska. The divorce decree required Coleman to make certain child support payments. The plaintiff brought a complaint to enforce Coleman's duty of support in the St. Joseph County, Indiana, Circuit Court in 1975. That court found an arrearage due and owing of $3,564.50 as of

---

1. The debtor/defendant did not submit a brief.

February 20, 1976, and entered judgment accordingly. The parties' youngest child was born April 23, 1959. The parties have stipulated that this judgment represents a child support obligation within the scope of 11 U.S.C. § 523(a)(5). The defendant has made payments over the past decade which total $3,331.00. The issue before the court is, "Whether the statutory interest accruing on the child support judgment is also nondischargeable."

The family responsibilities exception to discharge survives even the "super" discharge of section 1328(a). This is consistent with practice under the former Act. The state was considered to have an overriding interest in enforcing family responsibilities, so these obligations were characterized as police regulations. Police regulations were not provable as debts; only debts could be discharged.

Section 523(a)(5) excepts from discharge any debt:

> (5) to a spouse [or] former spouse ... of the debtor, for ... support ... in connection with a ... divorce decree, or other order of a court....

The court has found no authority directly on point, however, the nature of the debt is determined when it is incurred. The children may have all left the home, but that does not change the nature of the debt. This court is of the opinion that the judgment interest is also nondischargeable.

Interest represents compensation for the time value of money. The eight percent rate applicable in the case at bar is below the market rate and purely compensatory. A child support payment of $30 ordered paid in 1965 does not convey the same value when payment is delayed until 1986 or beyond. The interest in the case at bar does not even begin to accrue until 1976.

This holding is consistent with the treatment of interest on nondischargeable taxes. Such interest is clearly also nondischargeable. *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964).

Wherefore, the court holds that plaintiff's judgment against defendant for back child support in the approximate amount of $1,788.76, plus court costs as of February 20, 1984, is nondischargeable.

SO ORDERED.