In re Douglas J. REICH, SSN: 387–42–9637, d/b/a Schmidt, Elrod & Willis, and as an officer, director and shareholder of Douglas J. Reich, P.C., Debtor.

**Bankruptcy No. 85 B 03357 J.**

United States Bankruptcy Court, D. Colorado.

Oct. 28, 1986.

Christine J. Jobin, Katch, Anderson & Wasserman, Denver, Colo., for debtor.

Mark G. Fraase, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for the U.S., I.R.S.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the debtor's Motion to Determine Priority Status and Dischargeability of Internal Revenue Service Claim, filed July 25, 1986. The parties filed briefs containing stipulated facts, and the Court heard legal argument on September 22, 1986. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

The parties agree that the principal amount of the tax has priority under 11 U.S.C. § 507(a)(7). The debtor's motion relates only to the interest portion of the I.R.S.'s claim. The debtor's tax liability stems from a limited partnership interest owned by the debtor in an oil and gas drilling concern. Based on that firm's losses, the debtor claimed deductions for the years 1980, 1981, 1982, and 1983. During an audit of the oil and gas firm conducted in 1984–1985, the I.R.S. requested the debtor to execute three special consents to extend the time to assess tax for tax years ending December 31, 1980, 1981, and 1982. The debtor executed the consents, and ulti-

mately the I.R.S. denied certain of the partnership deductions.

On June 17, 1985, the debtor filed his Chapter 7 bankruptcy petition. On October 2, 1985, the debtor submitted a proof of claim in the principal amount of $53,307.00, plus interest of $30,186.55, on behalf of the I.R.S. The I.R.S. itself filed three proofs of claim. The first, submitted on November 20, 1985, listed a claim for 1983 income taxes in the amount of $3,567.00 with interest unknown. On August 1, 1986, the I.R.S. amended this claim to state the principal amount of $53,307.00 and interest through the date of the petition of $30,186.55 for the years 1979–1983. On September 3, 1986, the I.R.S. again amended its claim, to state a principal amount of $53,307.00 and interest through the date of the petition of $22,296.05. At the hearing, counsel for the I.R.S. represented to the Court that this final amendment, covering the years 1979–1983, stated the correct amounts. The debtor offered no rebuttal to this assertion, so the Court will accept $53,307.00 as the principal amount due, and $22,296.05 as the interest to the petition date.

The debtor contends that the interest portion of this claim should be classified as a general unsecured claim and discharged. He states pre-petition interest should not be accorded priority under 11 U.S.C. § 507(a)(7). The debtor further urges that he is not individually liable for any post-petition interest which might accrue, and that such interest at best forms a general, unsecured, dischargeable claim.

The I.R.S. argues that the pre-petition interest on the tax due should have the same priority status as the tax itself. In addition, the I.R.S. states that the debtor is individually liable for post-petition interest accruing on a tax not dischargeable in bankruptcy.

## A. Pre-Petition Interest

The first issue before the Court is whether the pre-petition interest of $22,296.05 should be given the same priority status as the tax itself. If the interest has the same priority, it, like the tax, is non-dischargeable pursuant to 11 U.S.C. § 523(a). If the interest does not receive priority, it constitutes a general unsecured claim and would normally be dischargeable. *In re Frost,* 19 B.R. 804, 810 (Bankr.Kan.1982).

11 U.S.C. § 507(a)(7) provides priority for:

Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) A tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of a petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case ...

(G) A penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

The inquiry, then becomes whether pre-petition interest may be considered a portion of the government's allowed claim, or a penalty in compensation for pecuniary loss.

The case law is not settled on this issue, and the legislative history is far from clear. However, the cases agree that the original Senate version of the Bankruptcy Code included a specific reference in § 726 to interest, which stated that the term "claim" should encompass interest, and that the House deleted this provision on the basis that interest was covered under the broad definition of "claim" contained in § 101(4).

*See*, 124 Cong.Rec.H. 11098 (Sept. 28, 1978); S. 17, 415 (Oct. 6, 1978).

The general rationale of cases allowing priority appears in *In re Triester*, 52 B.R. 735, 737 (Bankr.S.D.N.Y.1985) where the court interpreted this legislative history to mean that § 507(a)(7)'s reference to "allowed unsecured claims of governmental units" encompasses pre-petition interest. The court therefore awarded priority to pre-petition interest on a tax liability with priority. *Id.*

The leading case espousing the opposite viewpoint, *In re Razorback Ready-Mix Concrete Co.*, 45 B.R. 917 (Bankr.E.D.Ark. W.D.1984), denies priority to pre-petition interest. The court in this case recognized that interest forms part of the government's allowed "claim," but reasoned that simply because a certain sum is part of a claim is not of itself sufficient to give that sum the same priority as the rest of the claim. *Id.*, at 924. The court stated:

The issue is not, as appears to be the focus of the Government's argument, whether the interest is part of the defendant's claim or whether it may be considered within the definition of "claims". Rather, the issue is whether that part of the claim for pre-petition interest must necessarily be given priority status because the claim for taxes is so prioritized.

*Id.* at 924.

This Court agrees with the court in *Razorback* that the issue is not whether pre-petition interest is part of a "claim," because it is clear that interest falls within the broad definition of a "claim" as a "right to payment" contained in 11 U.S.C. § 101(4). However, this Court cannot agree that pre-petition interest therefore does not have priority along with the rest of the tax claim.

Even if the mere fact that interest is part of a claim does not bring it within the priority provisions of § 507, such interest constitutes a penalty within the meaning of § 507(a)(7)(G), and therefore must be accorded priority. The *Razorback* court noted: "A claim for a tax penalty may be given priority only to the extent that the penalty is in compensation for an actual pecuniary loss incurred by a governmental taxing authority." *Razorback, supra*, at 922; *see also, In re Hernando Appliances, Inc.*, 41 B.R. 24, 25 (Bankr.N.D.Miss.1983).

In holding that tax penalties should not be given a compensatory role if interest is also charged, the Vermont Bankruptcy Court explained: "The pecuniary loss to the City of Winooski is the loss of the use of the tax money. This is precisely the kind of loss that the interest is supposed to compensate." *In re New England Carpet Co.*, 26 B.R. 934, 936 (Bankr.Vt.1983). In a more recent case, a Texas judge, discussing the legislative history, went further, stating,

[i]n light of the introductory remarks and the statutory language which gives sixth priority status to a penalty related to one of the priority taxes listed which compensates for actual pecuniary loss, interest would appear to be a pecuniary loss penalty within the meaning of § 507(a)(6)(G)."

*In re Palmer*, 53 B.R. 545, 549 (Bankr.N.D. Texas 1985). The court in *Matter of Keller & Katkowsky, P.C.*, 55 B.R. 155, 156 (Bankr.E.D.Mich.S.D.1985), found

the government is similar to any other creditor. In return for deferring full payment on the debt and it [sic] loss of investment opportunity, the government assesses an interest rate to make up for the return it would have made if money was paid in full when due.

That court went on to hold that the allowance of interest indicates that Congress intended to compensate the government for the delay. *Id.*, citing *Owens v. Commissioner of Internal Revenue Service*, 125 F.2d 210 (10th Cir.1942), *cert. denied*, 316 U.S. 704, 62 S.Ct. 1308, 86 L.Ed. 1772, *rehearing denied*, 317 U.S. 704, 63 S.Ct. 24, 87 L.Ed. 562 (1942).

■ This Court, too, believes that pre-petition interest constitutes a penalty which is not punitive in nature, but is intended to compensate the United States for its inabil-

ity to use the money it is owed. Indeed, the term "interest" means "the compensation allowed by law or fixed by the parties for the use of forbearance or detention of money." Black's Law Dictionary 950 (revised 4th ed. 1968). Therefore, that portion of the I.R.S.' claim which represents pre-petition interest has priority under 11 U.S.C. § 507(a)(7)(G), and is non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

### B. Post-Petition Interest

The remaining question is whether post-petition interest may be enforced as a continuing non-dischargeable obligation against the debtors. This determination requires comparison of pre–1978 law with the law developed under the present Bankruptcy Code.

In a case under the Bankruptcy Act, the Supreme Court stated: "[I]t has never been seriously suggested that a creditor whose claim is not provable against the trustee in bankruptcy loses his right to interest in a post-bankruptcy action brought against the debtor personally." *In re Bruning,* 376 U.S. 358, 360, 84 S.Ct. 906, 908, 11 L.Ed.2d 772, 774 (1964). The Tenth Circuit followed this case, explaining that while the general rule in bankruptcy caused interest to cease accruing on the date of the bankruptcy petition, if the debt is non-dischargeable, like a tax debt, and can be collected from the debtor rather than the estate, "interest should continue to run and accrue simply because it has no effect upon the bankruptcy finances." *In re Romero,* 535 F.2d 618, 623 (10th Cir. 1976); *see also, United States v. River Coal Co.,* 748 F.2d 1103, 1106 (6th Cir. 1984). (An Act case in which the court held that the rule that interest only accrues to the date of the petition has no applicability to non-dischargeable debts being asserted against the debtor and not against the estate.)

Cases under the Bankruptcy Code have not adopted the *Bruning* rationale. In *In re Frost,* 19 B.R. 804, 810 (Bankr.Kan. 1982), Judge Pustateri held that the I.R.S.

cannot collect post-petition interest dischargeable claims. He stated:

> The notion that any creditor can show up at the debtor's doorstep after discharge is granted and attempt to collect a discharged debt is inequitable, is offensive to the concept of the debtor's fresh start after discharge, and above all is in violation of the provisions of 11 U.S.C. § 524(a).

*Id.* The court in *In re Healis,* 49 B.R. 939, 942 (Bankr.M.D.Penn.1985), found no authority to award post-petition interest on the unsecured portion of a tax claim, and stated such interest is unenforceable as unmatured under 11 U.S.C. § 502(b)(2). Similarly, in a recent New Jersey case, the court allowed pre-petition interest on a pre-petition tax debt, but denied post-petition interest on that debt. *Matter of Pharmadyne Laboratories, Inc.,* 53 B.R. 517, 522 (Bankr.N.J.1985). The court noted that 11 U.S.C. § 1129(a)(9)(C) could not operate to permit the interest because the I.R.S. was not delayed by deferred cash payments under the Chapter 11 plan. *Id.* In addition, the court rejected the I.R.S. claim for post-petition interest pursuant to 11 U.S.C. § 502(b)(1). *Id.,* at 523.

This Court agrees that *Bruning* is good law with respect to cases under the Bankruptcy Act. However, under the current Code, § 502(b)(2), provides that the court shall determine a claim "as of the date of the filing of the petition", and shall allow such claims except to the extent that such interest is unmatured as of the date of the petition. *See, Heales, supra.* Post-petition interest on a pre-petition tax claim fits this category. The legislative history of this section indicates that interest disallowed under the section includes unmatured interest as of the date of the petition, and post-petition interest that is not yet due and payable. H.Rep. No. 95–595, 95th Cong. 1st Sess. (1977) Pp. 353–355, U.S. Code Cong. & Admin.News 1978, p. 5787. This Court agrees with the *Frost* court that post-petition interest cannot be collected from the debtor after discharge. Under § 502(b)(2), the claim for interest cannot be allowed. However, even if such a claim

were allowed, it would be entitled to no status other than as a general unsecured claim, and would be discharged with other such claims. It is, therefore,

ORDERED that the debtor's motion is denied with respect to the pre-petition interest, and that the claim of the I.R.S. for pre-petition interest in the amount of $22,-296.05, is allowed as a priority claim, along with the principal pre-petition tax claim pursuant to 11 U.S.C. § 507(7)(G).

FURTHER ORDERED that the debtor's motion is granted with respect to post-petition interest on the pre-petition tax claim, and any claim for such interest is disallowed.

Each party will bear its own costs with respect to this motion.