**In re Charles William YOUNG and Deloris Jean Young, Debtors.**

**Bankruptcy No. IP83–4462WP.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Feb. 3, 1987.

See also, Bkrtcy., 61 B.R. 150.

Lynn Murray, UAW Legal Services Plan, Kokomo, Ind., for debtors.

Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for U.S.

Robert A. Brothers, Christ, Hadler & Brothers, Indianapolis, Ind., trustee.

ENTRY ON DEBTORS' FEBRUARY 5, 1986, MOTION TO AMEND CHAPTER 13 PLAN TO CLARIFY TREATMENT OF CLAIM OF CREDITOR ("MOTION")

ROBERT L. BAYT, Bankruptcy Judge.

The issue before the Court is whether Debtors' second amended plan must treat the Internal Revenue Service's ("IRS") $3,109.50 claim for pre-petition interest as a priority unsecured claim pursuant to 11 U.S.C. Section 507(a)(6).[1] The IRS' interest

---

1. 11 U.S.C. Section 507(a)(6), substantively unchanged but styled 11 U.S.C. Section 507(a)(7) by the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAA"), is the applicable

claim is derived from a $13,101.19 principal unsecured priority claim for taxable years 1980 through 1983 and presumably does not include interest on any penalty assessment.

The 1898 Bankruptcy Act contained a more expansive treatment of priority tax claims than any statutory counterpart under the present Bankruptcy Code. In addition to the allowance of pre-petition interest, Section 64(a)(4) of the Act, 11 U.S.C. § 104(a)(4) (1898)[2], through Act Section 57(j), 11 U.S.C. § 93(j) (1898), granted priority treatment to interest on "pecuniary loss penalties" which accrued prior to the date of the bankruptcy filing. *See City of New York v. Saper*, 336 U.S. 328, 339, 69 S.Ct. 554, 560, 93 L.Ed. 710 (1949); *In re Messenger's Merchants Lunch Rooms*, 85 F.2d 1002, 1005 (7th Cir.1936).

> (j) Debts owing to the United States ... as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby *and such interest as may have accrued on the amount of the loss according to law.* (emphasis supplied)

1898 Bankruptcy Act, § 57(j), 11 U.S.C. § 93(j) (1898).

Under the pre-BAA Bankruptcy Code the applicable statutory subsection is 11 U.S.C. Section 507(a)(6), which states, in relevant part:

> (6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—
>
> (A) a tax on or measured by income
> ...
>
> *  *  *  *  *  *
>
> (G) a penalty related to a claim of a kind specified in this paragraph and in

compensation for actual pecuniary loss.

11 U.S.C. § 507(a)(6)(A), (G). Pre-petition interest on a priority unsecured principal claim has sixth priority if (1) the interest constitutes a "pecuniary loss penalty" or (2) the interest represents a "claim for a tax." This Court finds the latter phrase true and holds that the pre-petition interest obligation is entitled to priority under 11 U.S.C. Section 507(a)(6)(A).

### 1. The IRS' Interest Claim Is Not a "Penalty"

It has been held that interest

> ... constitutes a penalty in the broad sense of the word. In light of the introductory remarks and the statutory language which gives sixth priority status to a penalty related to one of the priority taxes listed which compensates for actual pecuniary loss, interest would indeed appear to be a pecuniary loss penalty within the meaning of 507(a)(6)(G).

*In re Palmer*, 53 B.R. 545, 549 (Bkrtcy.N. D.Tex.1985); *see also In re Reich*, 66 B.R. 554, 556 (Bkrtcy.D.Colo.1986). This Court cannot accept such a tortured and overbroad definition of "penalty"; a penalty assessment is a separate and distinct liability from the imposition of interest. Taxpayers have the use of delinquent taxes and interest is assessed by the IRS to compensate for lost monetary value and corresponding direct pecuniary injury. *See Matter of Keller & Katkowsky*, 55 B.R. 155, 156 (Bkrtcy.E.D.Mich.1985); *Matter of Stroud Wholesale, Inc.*, 37 B.R. 735, 739 (Bkrtcy.E.D.N.C.1984), *rev'd on other grounds*, 47 B.R. 999 (E.D.N.C.1985); *cf. In re Young*, 61 B.R. 150, 152 (Bkrtcy.S.D. Ind.1986). In contrast,

> [a] civil action is for damages if it is brought for the compensation of the injured individual. It is for a penalty if it

statutory subsection as this proceeding was filed prior to the effective date of the BAA. *See In re Koonce*, 54 B.R. 643, 644 (Bkrtcy.D.S.C.1983).

**2.** 11 U.S.C. Section 104(a)(4) (1898) stated, in relevant part: "[t]he debts to have priority ... shall be ... (4) taxes which become legally due and owing by the bankrupt to the United

States...." 11 U.S.C. § 104(a)(4) (1898). Allowed interest under 11 U.S.C. Section 93(j) (1898), *infra*, was entitled to priority under 11 U.S.C. Section 104(a)(4) (1898). *See, e.g., In re Beardsley & Wolcott Mfg. Co.*, 82 F.2d 239 (2nd Cir.1936).

seeks to obtain a sum of money for the state, *an entity which has not suffered direct injury by reason of any prohibited action.* (emphasis supplied)

*Porter v. Montgomery,* 163 F.2d 211, 215 (3rd Cir.1947); *see also Schaefer v. H.B. Green Transportation Line,* 232 F.2d 415, 418 (7th Cir.1956). An interest assessment does not penalize and therefore cannot comprise a "pecuniary loss penalty" for purposes of 11 U.S.C. Section 507(a)(6)(G).

### 2. *Interest on a Tax Is a Claim for the Tax*

The leading support for Debtors' minority position is contained in *In re Razorback Ready-Mix Concrete Co.,* 45 B.R. 917 (Bkrtcy.E.D.Ark.1984). *Razorback* admits that the statutory definition of a "claim", *infra,* includes pre-petition interest but states that portions of ". . . claims may be given different classifications for purposes of distribution and priority status." 45 B.R. at 924. Based upon Congress' failure to explicitly include pre-petition interest as a sixth priority within 11 U.S.C. Section 507(a)(6), *Razorback* concludes that pre-petition interest may be allowed only as an unsecured claim without priority. *Id.*

This Court agrees with the general proposition that all IRS' claims related to an underlying tax liability may not be entitled to priority payment. *See, e.g.,* 11 U.S.C. § 507(a)(6)(G), *supra* (excluding from priority penalty assessments not representing "actual pecuniary loss"). However, it is clear to this Court that a pre-petition interest "claim" based upon an underlying principal unsecured priority tax meets all the requirements of 11 U.S.C. Section 507(a)(6)(A), as the interest is part of the "claim for a tax." 11 U.S.C. § 507(a)(6)(A), *supra.* "Claim" is defined by 11 U.S.C. Section 101(4)(A) as any "right to payment." 11 U.S.C. § 101(4)(A). The pre-petition interest assessment is an integral portion of and indeed is "for" the underlying principal tax liability for the applicable

taxable year(s). *Accord, In re Treister,* 52 B.R. 735, 737 (Bkrtcy.S.D.N.Y.1985); *In re New England Carpet Company, Inc.,* 26 B.R. 934, 936 (Bkrtcy.D.Ver.1983). Absent priority treatment for the pre-petition interest claim a debtor would receive a windfall as the taxpayer would benefit and the IRS would suffer from the significant time value of the unpaid and delinquent tax obligation.

This Court will not repeat the thorough analysis of applicable legislative history as set forth in *Palmer, supra,* 53 B.R. at 546–548. However, the Court notes that the pre-petition interest issue has been addressed by the Senate Report and House legislative history relating to 11 U.S.C. Section 726(a)(5).

> [I]nterest accrued on all claims (including priority and nonpriority tax claims) which accrued before the date of the filing of the title 11 petition ·is to be paid· in the same order of distribution of the estate's assets as the principal amount of the related claims.

S.Rep. No. 95–989 (July 14, 1978), 95th Cong., 2nd Sess. 97, *reprinted in* U.S.Code Cong. & Admin.News 5787, 5883 (1978). While the Bankruptcy Code represents the enactment of H.R. 8200, S. 2266 was "analogous" to the corresponding House bill. 124 Cong.Rec. S23,258 (Pt. 21, Sept. 7, 1978) (remarks of Sen. DeConcini). As stated by Congressman Butler, the disagreements within the House and Senate bankruptcy bills consisted of (1) a dispute regarding the Article I vis-a-vis Article III constitutional status of bankruptcy courts, (2) the Senate position that a separate Code chapter should be provided for "public companies", and (3) the procedure for debt reaffirmation. *See* 124 Cong.Rec. H32,-391–H32,393 (Pt. 24, Sept. 28, 1978). With a here irrelevant difference [3] the final Senate and House versions of 11 U.S.C. Section 726(a) were identical. The Court therefore concludes that Senate Report 95–989

---

**3.** The Senate and House versions of 11 U.S.C. Section 726(a) were identical save for the Senate deletion from Section 726(a)(4) of the enacted phrase ". . . arising before the earlier of the

order for relief or the appointment of a trustee. . . ." *Compare* H.R. 8200, *quoted in* 124 Cong.Rec. H32,367 (Pt. 24, Sept. 28, 1978) *with* S.2266 (95th Cong., 1st Sess., Oct. 31, 1977).

**46**

should be accorded substantial deference insofar as it relates to entitlement to pre-petition interest, *supra.*

Additionally and as convincingly analyzed by *Treister, supra,* the above-quoted Senate Report language was deleted by the House as "... *unnecessary* 'since a right to payment for the interest due is ... within the definition of "claim" in section 101(4)....' " (emphasis supplied) 52 B.R. at 737, *quoting* 124 Cong.Rec. H11,098 (Sept. 28, 1978); S.17,415 (Oct. 6, 1978).

Pursuant to Rules 9014, 7052 and Federal Rule of Civil Procedure 52, this Entry constitutes all applicable findings of fact and conclusions of law.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the IRS' instant claim for pre-petition interest be, and hereby is, accorded priority status under 11 U.S.C. Section 507(a)(6)(A) as a sixth priority unsecured obligation; IT IS FURTHER ORDERED that this Court's order of July 24, 1986, confirming Debtors' second amended Chapter 13 plan be, and hereby is, VACATED only to the extent inconsistent with this Entry; and IT IS FINALLY ORDERED that Debtors' Motion be, and hereby is, GRANTED only to the extent that the second amended plan comports with this Entry.