**In re Dee Albert BRINEGAR and Evelyn Patricia Brinegar, Debtors.**

**Dee Albert BRINEGAR and Evelyn Patricia Brinegar, Plaintiffs,**

v.

**UNITED STATES of America and Tom H. Connolly, Trustee, Defendants.**

**Bankruptcy No. 84 B 03203 J.
Adv. No. 86 C 0960.**

United States Bankruptcy Court,
D. Colorado.

July 23, 1987.

William H.T. Frey, Grand Junction, Colo., for plaintiffs.

John D. Steffan, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendants.

## ORDER ON COMPLAINT TO DETERMINE AMOUNT, PRIORITY AND DISCHARGEABILITY OF CLAIM

PATRICIA ANN CLARK, Bankruptcy Judge.

The matter before the Court is a complaint to determine the amount, priority and dischargeability of a United States tax claim. The debtors Dee Albert and Evelyn Patricia Brinegar (the Brinegars) filed this action under 11 U.S.C. § 523(a)(1) and (7) and 11 U.S.C. § 507(a)(7), contending that the proof of claim filed by the Internal Revenue Service (IRS) for the tax years 1975, 1977, 1980, 1981 and 1982 is erroneous. Pursuant to a stipulation filed April 24, 1987, the parties resolved various factu-al matters, leaving certain legal issues to be determined.

The remaining issues are as follows: (1) whether post-petition interest on taxes is dischargeable in this bankruptcy proceeding; (2) whether pre-petition interest on taxes is dischargeable in this bankruptcy proceeding and (3) what is the appropriate amount and method of set-off in regard to the Brinegars' 1985 tax refund.

The issue of the dischargeability of post-petition interest is currently before the United States District Court for the District of Colorado in *Reich v. United States,* Civil Action No. 86–C–2402, a case on appeal from the bankruptcy court. The parties have stipulated that they will be bound by the decision of that case. Such a resolution of this dischargeability issue is acceptable to the Court. Within 20 days after the *Reich* decision is entered by the District Court, the parties shall file a stipulation outlining the effect of *Reich* on this bankruptcy proceeding.

The next issue to be addressed is whether pre-petition interest assessed by the IRS is dischargeable. The Brinegars have incurred tax liability for the tax years 1975, 1976, 1977, 1979, 1980, 1981 and 1982, with total pre-petition interest on that tax liability due of approximately $24,000.[1] Although the Brinegars admit that this pre-petition interest is entitled to priority under 11 U.S.C. § 507(a)(7)(G), they argue that this priority claim remains dischargeable because it does not fall under any of the listed exceptions to discharge. *See* 11 U.S.C. § 523. In response, the IRS agrees that the pre-petition interest is entitled to priority status under 11 U.S.C. § 507(a)(7)(G) but contends that this priority claim is non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

The question of the priority and dischargeability of pre-petition interest on taxes has previously been addressed in this jurisdiction in *In re Reich,* 66 B.R. 554 (Bankr.D.Colo.1986). In *Reich* the principal amount of an IRS claim was not in dispute but the parties contested, among

---

**1.** Pre-petition interest on the 1976 tax liability has not yet been calculated.

other things, the classification of pre-petition interest. The Court stated:

> The first issue before the Court is whether the pre-petition interest of $22,296.05 should be given the same priority status as the tax itself. If the interest has the same priority, it, like the tax, is non-dischargeable pursuant to 11 U.S.C. § 523(a). If the interest does not receive priority, it constitutes a general unsecured claim and would normally be dischargeable. *In re Frost,* 19 B.R. 804, 810 (Bankr.Kan.1982).

66 B.R. at 555.

After discussing the pertinent law, the Court found that the portion of the claim of the IRS for pre-petition interest (1) constituted a pecuniary loss "penalty," (2) met the priority requirements of 11 U.S.C. § 507(a)(7)(G) and (3) was non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).[2]

■ Neither the Brinegars nor the IRS dispute the *Reich* finding that pre-petition interest constitutes a penalty with a priority classification under Section 507(a)(7)(G). Indeed, both parties have stipulated to the priority status but dispute its effect on the dischargeability of the debt. Yet, this Court cannot approve the stipulation as it disagrees with the classification in *Reich* of pre-petition interest as a pecuniary loss "penalty."

A penalty assessment is separate and distinct from the imposition of interest. Interest is assessed by the IRS to compensate for lost monetary value while a penalty is ordinarily charged for failure to act by a certain deadline. These two charges are calculated and assessed independently, as shown by the tax notices sent to the Brinegars.[3] Interest does not penalize and therefore does not meet the clear requirements of Section 507(a)(7)(G). *See In re Young,* 70 B.R. 43 (Bankr.S.D.Ind.1987).

■ Although pre-petition interest on taxes does not constitute a pecuniary loss penalty, it is entitled to priority treatment. The interest obligation meets the requirements of Section 507(a)(7)(A) as it is part of a "claim for a tax."[4] The term "claim" is broadly defined in Section 101(4) to include a "right to payment," which is read to include pre-petition interest. *See In re Treister,* 52 B.R. 735 (Bankr.S.D.N.Y.1985). As stated in *In re Young,* 70 B.R. at 45,

> The pre-petition interest assessment is an integral portion of and is indeed "for" the underlying principal tax liability for the applicable taxable year(s). (*citations omitted*). Absent priority treatment for the pre-petition interest claim a debtor would receive a windfall as the taxpayer would benefit and the IRS would suffer from the significant time value of the unpaid and delinquent tax obligation.

The applicable legislative history supports such an interpretation of Section 507(a)(7)(A). Originally, the Senate version of 11 U.S.C. § 726, pertaining to distribu-

---

**2.** The decision in *In re Reich* was appealed by the IRS on the question of dischargeability of post-petition interest. The debtor in *Reich* cross-appealed on the issue of pre-petition interest but later moved to withdraw that cross-appeal. The motion to withdraw was granted. Therefore, the bankruptcy court's decision on pre-petition interest will not be affected by the decision on appeal.

**3.** The notices list separate charges for interest and penalties. In fact, as the IRS notice points out, penalties assessed may be eliminated upon a showing of reasonable cause. No similar relief exists for interest, illustrating the distinction recognized between the two.

**4.** Section 507(a)(7)(A) lists, as a priority claim: Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending before the date of the filing of the petition; or
(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case; ....
The parties agree that the actual taxes at issue receive priority under Section 507(a)(7)(A)(iii).

tion of property of the estate, expressly provided that

> [I]nterest accrued on all claims (including priority and nonpriority tax claims) which accrued before the date of the filing of the title 11 petition is to be paid in the same order of distribution of the estate's assets as the principal amount of the related claims.

S.Rep. No. 95–989 (July 14, 1978), 95th Cong., 2nd Sess. 97, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5883. The House deleted that language finding it unnecessary "since a right to payment for the interest due is a right to payment which is within the definition of 'claim' in section 101(4)...." 124 Cong.Rec.H. 11,098 (Sept. 28, 1978). *Accord* 3 *Collier on Bankruptcy*, ¶ 523.06 (15th ed. 1984) (where, in a discussion of interest on pre-petition taxes, it is stated, "The Code does not provide that the term 'claim' includes interest due before the date of the petition because a right to payment for interest due is a right to payment which is within the definition of 'claim' in Section 101."). Therefore, based on the applicable case law and supporting legislative history, the Court finds that the pre-petition interest associated with the priority tax claims will be afforded priority under Section 507(a)(7)(A).

■ The next question is whether the portion of claim of the IRS which represents pre-petition interest is dischargeable. Clearly, even though the interest is given priority, it must also fall under one of the listed exceptions in 11 U.S.C. § 523 to be declared non-dischargeable. The Court finds that the interest should be found non-dischargeable under Section 523(a)(1)(A), which excepts from discharge any "debt" for a tax of the kind specified in Section 507(a)(7).

The parties do not dispute that the underlying tax is of the kind specified in Section 507(a). Consequently, the focus becomes whether the word "debt" in Section 523(a)(1)(A) includes the interest obligation in question. Section 101(11) of the Bankruptcy Code defines debt as a "liability on a claim." As previously discussed, the term "claim" includes pre-petition interest.

Because the plain intent of Congress was to make the word "debt" inclusive of the word "claim," the Section 523(a)(1) debt should include the interest obligation. *See also Kelly v. Robinson*, —— U.S. ——, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), ft. 12, (where the Court recognizes that the Code's definition of "debt" is broadly drafted and that the legislative history, as well as the Code's various priority and dischargeability provisions, support a broad reading of the definition). Therefore, the pre-petition interest associated with the Section 507(a)(7)(A)(iii) priority taxes is non-dischargeable under Section 523(a)(1). *Compare In re Coleman*, 56 B.R. 179 (Bankr.N.D.Ind.1986) (interest included in "debt" due for child support under Section 523(a)(5)).

The final matter to be resolved is whether the amount and method of set-off of a 1985 tax refund was proper. In the stipulation presented to the Court, the parties state that they anticipate a settlement concerning the correct amount of the set-off and request additional time to reach a resolution. The Court shall allow the parties to proceed with settlement negotiations on that issue. The parties shall inform the Court within 20 days of the date of this Order on the status of their negotiations concerning the correct set-off amount.

The remaining question then is whether the set-off taken by the IRS was appropriate. The IRS set off approximately $20,-000 of the Brinegars' 1985 tax refund against the Brinegars' 1975 tax deficiency as follows: $8,017 in taxes, $8,337 in pre-petition interest, and $4,129.57 in post-petition interest. The Brinegars apparently concede that the set-off against the 1975 taxes and corresponding pre-petition interest was correct but argue that the set-off against any post-petition interest was erroneous.

Resolution of this set-off issue requires a determination of whether post-petition interest is dischargeable. Because the parties have agreed to be bound by the district court's decision in *Reich* on post-petition interest, the most efficient resolution of this matter, as suggested by the IRS, is to

await the *Reich* determination. Therefore, within 20 days of the entry of the *Reich* order by the district court, the parties shall petition this Court for a review of this issue, if necessary.

It is ORDERED that the pre-petition interest claimed by the IRS is entitled to priority 11 U.S.C. § 507(a)(7)(A) and is non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

It is FURTHER ORDERED that a determination of the post-petition interest issue and set-off of the 1985 tax refund issue shall await determination of the district court in *Reich v. United States*, No. 86–C–2402 and the parties shall petition the Court within 20 days of the date of the *Reich* order for a review of the remaining issues.

It is FURTHER ORDERED that the parties shall continue settlement negotiations on the issue of the amount of set-off for the tax year 1985 and shall file a status report within 20 days of the date of this Order.