An order in accordance with this Memorandum Opinion is attached.

In re Matthew A. LEAHEY, Debtor.

Matthew A. LEAHEY, Plaintiff,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 92–38057. Adv. No. 93–3255.

United States Bankruptcy Court, D. New Jersey.

June 23, 1994.

Teich, Groh and Frost, Barry W. Frost, Trenton, NJ, for debtor.

U.S. Dept. of Justice, Lawrence P. Blaskopf, Washington, DC, for defendant.

## OPINION

WILLIAM H. GINDIN, Chief Judge.

### *PROCEDURAL BACKGROUND*

This matter comes before the court as the result of a trial held October 29, 1993 in an adversary proceeding brought by Debtor, Matthew A. Leahey, requiring the court to determine whether his federal tax debt, including penalties and interest, is dischargeable under 11 U.S.C. § 523(a)(1)(C). This court found that the underlying tax debt owed to the Internal Revenue Service was non-dischargeable under 11 U.S.C. § 523(a)(1)(C).

The court directed the parties to brief the issue of the dischargeability of pre-petition penalties and interest applicable to that debt. The parties submitted their briefs on November 18 and December 3, 1993. This court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1). This is a core matter under §§ 157(b)(2)(A), (B), and (O). The court is specifically authorized to determine the balance of taxes due under 11 U.S.C. § 505.

### *STATEMENT OF FACTS*

Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 29, 1992. On March 29, 1993, debtor commenced an adversary proceeding to determine the dischargeability of a tax debt owed to the Internal Revenue Service ("IRS").

The debt in question involves an assessment for 1982 federal income taxes. Debtor filed his tax return for the 1982 tax year on August 22, 1986. On December 2, 1987, the debtor paid the estimated $5,210.00 tax debt. Subsequent to the payment on October 16, 1989, the IRS assessed $5,227.00 of tax as well as interest and penalties for the 1982 year.

The IRS calculated that $3,363.90 of interest had accrued through December 2, 1987, the date of payment of 1982 tax. Debtor has since paid $1,053.00 which has been credited toward 1982 accrued interest. IRS contends that it is still owed a total of $2,310.90 in interest from debtor, attributable to 1982 taxes.

In addition to owing federal income taxes for the year 1982, debtor is indebted to the IRS for at least $310,000 for the tax years 1983 through 1987. On February 28, 1989, debtor was charged with three counts of failing to file income tax returns for the years 1982 through 1984. Debtor pled guilty to the third count relating to the year 1984 and served three years probation.

This court held a trial on the issue of dischargeability of 1982 tax debt on October 28, 1993. The court found that the plaintiff's late filing of the 1982 tax return was a wilful act to evade or defeat a tax under 11 U.S.C. § 523(a)(1)(C). The court also found that on December 2, 1987, debtor made full payment of his tax liability but did not pay interest or penalties which, the court held, could accrue until payment.

Both debtor and IRS agree that the penalties in this case relative to the 1982 tax claim are dischargeable under 11 U.S.C. § 523(a)(7)(B). However, the parties disagree as to dischargeability of pre-petition interest. Debtor contends that pre-petition interest is dischargeable, even though the underlying tax is non-dischargeable because the interest is not afforded priority under 11 U.S.C. § 507(a)(7)(A). IRS argues to the contrary, that pre-petition interest is non-

dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C) because the underlying tax debt was not discharged due to debtor's wilful attempt to evade or defeat such tax.

## DISCUSSION

█ Section 727 of the bankruptcy code, which provides an individual with a discharge of debts, is one of the most important features of the bankruptcy code from the prospective of a debtor. However, not all debts are afforded a discharge. In particular, tax debts which involve a fraudulent return or wilful evasion of the tax are non-dischargeable. 11 U.S.C. § 523(a)(1)(C). The issue before the court is whether the pre-petition interest and penalties applicable to those taxes are also non-dischargeable.

### Pre–Petition Interest

Many courts have discussed the dischargeability of pre-petition interest under 11 U.S.C. §§ 523(a)(1)(A)[1] and 507(a)(7)[2]. Those cases have found that pre-petition interest relating to a non-dischargeable tax is non-dischargeable under two theories. The majority view is that pre-petition interest is non-dischargeable because the term "claim" referred to in § 507(a)(7)(A) is broadly defined in § 101(5)(A) and includes interest. *In re Larson,* 862 F.2d 112 (7th Cir.1988); *In re Brinegar,* 76 B.R. 176 (Bankr.D.Colo. 1987); *In re Young,* 70 B.R. 43 (Bankr. S.D.Ind.1987), *rev'd on other grounds,* 132 B.R. 395 (S.D.Ind.1990); *In re Treister,* 52 B.R. 735 (Bankr.S.D.N.Y.1985).

The minority view is that pre-petition interest is non-dischargeable under §§ 523(a)(1)(A) and 507(a)(7)(G) because the interest is really a penalty which acts as compensation for actual pecuniary loss to the government. *In re Reich,* 66 B.R. 554 (Bankr.D.Colo.1986), *rev'd on other grounds,* 107 B.R. 299 (D.Colo.1989); *In re Unimet Corp.,* 74 B.R. 156 (Bankr.N.D.Ohio 1987).

Few cases have discussed the dischargeability of pre-petition interest when the underlying tax is non-dischargeable under § 523(a)(1)(C). No circuit court cases and only three bankruptcy court cases dealing with the precise issue have been found. *See In re Teeslink,* 165 B.R. 708 (Bankr.S.D.Ga. 1994); *In re Cinquegrani,* No. 89 B 7850, Adv. No. 89 A 0747, 1993 WL 134752, 1993 Bankr. LEXIS 985 (Bankr.E.D.Ill.1993); *In re Brackin,* 148 B.R. 953 (Bankr.N.D.Ala. 1992). Those cases all held that pre-petition interest is non-dischargeable if the underlying tax is also non-dischargeable. However, those courts summarily addressed the issue of dischargeability, simply stating that they were relying on the general rule articulated in *In re Larson,* 862 F.2d 112, or *In re Burns,* 887 F.2d 1541 (11th Cir.1989).[3] *See In re Teeslink,* 165 B.R. at 717 (citing *Larson* and *Burns* for proposition that both pre-petition and post-petition interest is non-dischargeable when the underlying tax is non-dischargeable); *In re Cinquegrani,* 1993 WL 134752 at *8, 1993 Bankr. LEXIS at *27 (citing *Larson* ); *In re Brackin,* 148 B.R. at 958 (citing *Burns* ).

Because *Larson* involved the interpretation of § 523(a)(1)(A) and not § 523(a)(1)(C) as is the case here, and because *Burns* involved dischargeability of *post*-petition inter-

---

1. § 523(a)(1)(A) provides that a debt is non-dischargeable for a tax or customs duty—
   (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed ...
   11 U.S.C. § 523(a)(1)(A).

2. Section 507(a)(7)(A) provides:
   **507. Priorities.**
   (a) The following expenses and claims have priority in the following order:
       *    *    *    *    *    *
   (7) Seventh, allowed unsecured **claims** of governmental units, only to the extent that such **claims** are for—

(A) a tax on or measured by income or gross receipts—...

    *    *    *    *    *    *

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.
11 U.S.C. § 507(a)(7) (emphasis added).

3. *In re Larson* dealt with *pre-petition* non-dischargeability, while *In re Burns* held that *post-petition* interest on a non-dischargeable tax is non-dischargeable. *Larson,* 862 F.2d 112; *Burns,* 887 F.2d at 1543.

est, the cases are not apposite and the inquiry must go further.

Section 523(a)(1)(C) provides in relevant part:

## § 523. Exceptions to discharge.

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any **debt**—

(1) for a tax or a custom duty—

\* \* \* \* \* \*

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax ...

11 U.S.C. § 523(a)(1)(C) (emphasis added).

Bankruptcy code § 101(12) defines "debt" as "a liability on a claim." 11 U.S.C. § 101(12). "Claim" in turn, is broadly defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). "The plain intent of Congress was to make the word 'debt' inclusive of the word 'claim'." *In re Brinegar*, 76 B.R. at 179 (citing *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), where the Supreme court acknowledged the broadly drafted definition of "debt".).

Many courts have recognized that the term "claim" includes interest. *In re Larson*, 862 F.2d 112; *In re Brinegar*, 76 B.R. 176; *In re Young*, 70 B.R. 43; *In re Treister*, 52 B.R. 735.[4]

In the case of *In re Treister*, the court noted that the discussion of "interest" contained in the legislative history of another section of the Bankruptcy Code (section 726) supports the inclusion of "interest" as part of the claim. The Senate expressly provided that "claim" shall include "interest" in the original draft of section 726. The House, however, deleted the provision as unnecessary, "since a right to payment for the interest due is a right to payment which is within the definition of 'claim' in section 101(4) ..."

---

4. At this point in the analysis, the discussion in *In re Larson* and its progeny become relevant because the issue involves the meaning of

*Treister*, 52 B.R. at 737 (quoting 124 Cong. Rec. H11,098 (daily ed. Sept. 28, 1978), S17,415 (daily ed. Oct. 6, 1978)). Furthermore, as the *Brinegar* and *Young* courts noted, debtors would receive a windfall if the interest on the non-dischargeable tax were discharged, and the IRS would be harmed by the significant loss of the time value of the unpaid delinquent taxes. *Brinegar*, 76 B.R. at 177; *Young*, 70 B.R. at 45. This is especially true in the case of § 523(a)(1)(C) non-dischargeability where the debt arose from the debtor's fraud or wilful evasion.

Debtor's argument that the interest is dischargeable because it does not meet the criteria for priority treatment under 11 U.S.C. § 507(a)(7)(A) misses the mark. The debtor argues that a determination of non-dischargeability under § 523(a)(1)(A) is intertwined with an analysis of priority under § 507(a)(7) and that the pre-petition interest must fulfill the criteria of § 507(a)(7)(A) to be non-dischargeable. Debtor is correct in his analysis of § 523(a)(1)(A); however, this case involves § 523(a)(1)(C). Furthermore, § 523(a)(1)(C) does not contain the § 507(a)(7) priority requirement as does § 523(a)(1)(A).

■ Having established that "claim" and "debt" include interest, this court determines that the pre-petition interest associated with an underlying tax debt that is non-dischargeable under § 523(a)(1)(C) is also non-dischargeable. Since this court held that debtor's 1982 tax debt is non-dischargeable under § 523(a)(1)(C), his $2,310.90 debt for pre-petition interest on that tax is also non-dischargeable.

### Penalties

■ The parties have agreed that the penalties relating to the 1982 tax are dischargeable under § 523(a)(7)(B). This court agrees, as does the majority of courts addressing the issue. *See, e.g., In re Burns*, 887 F.2d 1541 (11th Cir.1989); *In re Roberts*, 906 F.2d 1440 (10th Cir.1990); *McKay v. U.S.*, 957 F.2d 689 (9th Cir.1992).

---

"claim" under § 101(5)(A) which has now been made applicable by the term "debt" contained in § 523(a)(1)(C) and defined in § 101(12).

Section 523(a)(7) provides that debts are non-dischargeable

"to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty— . . .

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition."

11 U.S.C. § 523(a)(7)(B).

The *Burns* court exhaustively examined § 523(a)(7)(B) and its legislative history and determined that the plain meaning of the statute compelled a finding that penalties are discharged if the transaction giving rise to the penalty occurred more than three years prior to the filing of the petition. 887 F.2d at 1544. The court so concluded, notwithstanding the seeming incongruity of not discharging tax and interest, yet affording the penalties a discharge. After thoroughly examining the development of § 523(a)(7) (which is a new section)[5], the *Burns* court concluded that "the present wording of the statute cannot be attributed to an accident of draftsmanship." *Id.* at 1551. This court agrees.

The "transaction or event" that occurred three years before the petition date, refers to the date the tax was due. *In re Teeslink,* 165 B.R. 708, 717 (Bankr.S.D.Ga.1994); *In re Stoll,* 132 B.R. 782, 787 (Bankr.N.D.Ga.1990). Penalties are incurred the first day that the tax payment or return is late. *In re Stoll,* 132 B.R. at 787 (citing 26 U.S.C. § 6721(a)(2)(A) (1990)).

Because the debtor's 1982 taxes were due on April 15, 1983, the transaction giving rise to the tax penalties occurred more than three years before the December 29, 1992 petition date. Debtor's penalties are discharged.

## CONCLUSION

For all of the above stated reasons, this court holds that the pre-petition interest attributable to debtor's 1982 tax debt is non-dischargeable under 11 U.S.C. § 523(a)(1)(C)

and the penalties attributable to the debt are dischargeable under § 523(a)(7)(B).

---

5. "Pre–Code law was silent on the dischargeability of liability for tax penalties." *Id.* at 1543.