**In re Elmer Eugene PALMER, Debtor.**

**No. CA 3–86–0616–R.**

United States District Court,
N.D. Texas,
Dallas Division.

June 24, 1986.
As Revised July 25, 1988.

Elizabeth A. Bates, Dallas, Tex., for plaintiff.

Steven Maurer, Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

BUCHMEYER, District Judge.

This is a bankruptcy appeal.[1] It holds that, with respect to priority tax claims filed in bankruptcy proceedings, prepetition interest on those priority tax claims should also receive priority treatment.[2]

### 1. *The Facts*

On October 5, 1984, the debtor filed a Chapter 13 bankruptcy petition. Thereafter, the Internal Revenue Service ("IRS") filed a proof of claim for $65,458.84—with this amount being comprised of $35,111.02 in taxes; $16,471.61 in prepetition interest on these taxes; and $13,876.21 in pre-petition penalties.

The bankruptcy court held that the government's claim for pre-petition interest was a priority claim. Accordingly, it denied confirmation of the debtor's proposed Chapter 13 plan—which listed the IRS only as a general unsecured creditor with respect to the pre-petition interest claim. This appeal resulted.[3]

### 2. *The Law*

The debtor argues that 11 U.S.C. § 507(a)(6)(A),[4] which governs the priority of claims in a bankruptcy proceeding, merely provides that the government receives the sixth priority on "a tax on or measured by income or gross receipts"—and that it does not state that pre-petition interest on taxes should receive the same priority status. The debtor also relies on part of the history of § 507: that this provision originated in the House of Representatives, and the statement was made in the House that § 507 would exclude pre-petition interest from priority status.

However, the IRS reaches the opposite conclusion by relying upon the entire legislative history of § 507, particularly the legislative metamorphosis of this provision in the Senate and conference committee and related bankruptcy code provisions. The government also finds support in the treatment of pre-petition interest under the Bankruptcy Act of 1898.

Obviously, as both sides agree, the plain language of § 507 does not answer the question of what treatment should be afforded to pre-petition interest on priority tax claims. Therefore, as the bankruptcy court found, a review of the legislative history is required.

Section 507 did originate in the House. And, the debates there do make it clear that, for purposes of the Bankruptcy Reform Act of 1978, pre-petition interest on taxes was not to be included within the class of items accorded priority status. This House bill was sent to the Senate for consideration.

However, in the Senate, the Judiciary Committee's bill did include a section which granted priority status to pre-petition interest. When this version was sent to the Senate Finance Committee for consideration of the tax-related provisions, the Finance Committee struck the section dealing with pre-petition interest section; however, *the report accompanying the amended Senate bill clearly indicates that pre-petition interest should remain a priority claim.* S.Rep. No. 95–1106, 95th Cong., 2d Sess. 20 (1978).

This Finance Committee bill was adopted by the full Senate. Also, the Senate *substituted* this bill for the House bill still under consideration, passed its "House version" and returned it. A conference committee adopted a compromise bill—approved by both Houses—which provided that any tax liability collectable as a "penalty" would receive priority status under

---

1. The opinion of the bankruptcy court is reported at 53 B.R. 545 (Bkrtr.N.D.Tex.1985).

2. The second issue addressed in this Court's initial opinion of June 24, 1986 was not of sufficient interest to warrant publication. See 58 AFTR 2d 86–5529 (N.D.Tex.1986).

3. The appeal involves only a question of law, so this Court applies a *de novo* standard of review.

*Matter of Missionary Baptist Foundation of America,* 712 F.2d 206, 209 (5th Cir.1983).

4. The debtor filed this case prior to the enactment of the Technical Corrections Act of 1984. Therefore, this Court must apply the Bankruptcy Act of 1978.

§ 507. Congress defined a "penalty" as a tax liability under the Internal Revenue Code resulting from a pecuniary loss. See 124 Cong.Rec. H 11113 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S. 17430–34 (daily ed. Oct. 6, 1978). Thus, the term "penalty" must be understood as a pecuniary loss arising under some section in the tax code. Cf. 1978 U.S.Code Cong. & Ad.News 5787, 6151.

Section 6601 of the tax code provides that taxpayers who pay their taxes late must pay interest on the outstanding taxes until final extinguishment of liability. This provision exists to compensate the United States—and its citizens—for the late payment and consequential lost use of that money. Indeed, where the government experiences a shortfall in revenues, it must borrow from the capital markets—and pay interest on those sums. That interest is not a penalty charged by a conspiring public, but a charge to compensate for the use of the money.

Understanding "interest" under the tax code consistently with "penalty" under the bankruptcy code leads this Court to conclude that pre-petition interest should be accorded priority status under § 507(a)(6)(A). Congress intended that pecuniary losses to the government attributable to specific internal revenue sections should be considered "taxes" for purposes of the priority provisions.

Several other courts have reached the same conclusion by relying on related bankruptcy code sections; those related provisions solidify this Court's conclusion. See *In re Treister,* 52 B.R. 735, 739 (Bkrtcy.S.D.N.Y.1985) (relying on 11 U.S.C. § 101(4)); *In re Healis,* 49 B.R. 939, 942 (Bkrtcy M.D.Pa.1985) (relying on 11 U.S.C. § 507(a)(6)(G)). Moreover, the holding that pre-petition interest should receive priority status is not inconsistent with its prior

treatment under the Bankruptcy Act of 1898. Cf. *Bruning v. United States,* 376 U.S. 358, 360, 84 S.Ct. 906, 907–08, 11 L.Ed. 2d 772 (1964). Therefore, this Court concludes that pre-petition interest on priority tax claims is entitled to priority status as a "tax" under section 507(a)(6).[5]

For these reasons, the decision of the bankruptcy court is AFFIRMED.

---

**5.** See *In re EEI Energy,* 75 B.R. 637 (Bankr.N.D. Ill.1987); *Matter of Unimet Corporation,* 74 B.R. 156 (Bankr.N.D.Oh.1987); *United States of America v. H.G.D. & J. Mining Co. (In re H.G.D. & J. Mining Co.),* 74 B.R. 122 (S.D.W.Vir.1986); *In re Hirsch–Franklin Enterprises, Inc.,* 63 B.R. 864 (Bankr.M.D.Ga.1986); *In re Reich,* 66 B.R. 554 (Bankr.D.Colo.1986); *In re Keller and Kat-* kowsky, *P.C.,* 55 B.R. 155 (Bankr.E.D.Mich. 1985); *In re Hernando Appliances, Inc.,* 41 B.R. 24 (Bankr.N.D.Miss.1983); and *In re New England Carpet Company,* 26 B.R. 934 (Bankr.D.Vt. 1983). But see, *In re Razorback Ready–Mix Concrete Company,* 45 B.R. 917 (Bankr.E.D.Ark. 1984); and *In re Ayala,* 35 B.R. 651 (Bankr.D. Utah 1983).