### In re Kenneth W. & Wanda J. AVANT, Debtors.

### Bankruptcy No. 89–11021.

United States Bankruptcy Court, W.D. Texas, Austin Division.

Sept. 28, 1989.

Douglas J. Powell, Austin, Tex., for debtors.

Ray Hendren, Austin, Tex., Trustee.

### MEMORANDUM OPINION DETERMINING CLAIM OF THE STATE OF TEXAS

LARRY E. KELLY, Chief Judge.

On the 31st day of August, 1989 came on to be heard the Debtor's Objection to Proof of Claim filed by the State of Texas. After considering evidence and argument of counsel the Court took the matter under advisement. This Memorandum Opinion is intended to provide Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 9014 and 7052. The Court has jurisdiction over this proceeding as a core matter under 28 U.S.C. § 157(b)(2)(B).

### BACKGROUND

Debtors Kenneth and Wanda Avant filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 5, 1989. On or about June 2, 1989, the Comptroller of the State of Texas filed a Secured and Priority Proof of Claim for $23,357.29 for sales use tax which accrued from December 1, 1979 through April 30, 1981. Debtors objected to the proof of claim, asserting that it had been discharged in an earlier bankruptcy. The earlier bankruptcy was originally a Chapter 11 filed on March 7, 1984 and subsequently converted to a Chapter 7 on April 15, 1988. The discharge in that case was entered on September 26, 1988.

### ISSUES

1. Was the debt for sales-use tax discharged in the 1988 Chapter 7 proceeding?

2. If the debt was not discharged in the Chapter 7 proceeding can the Comptroller collect interest for the period after the filing of the Chapter 7?

### DISCUSSION

1. Section 727(b) of the Bankruptcy Code excepts from the Chapter 7 discharge certain debts as provided in § 523 of the Code. Section 523(a)(1)(A) denies discharge for an individual debtor from any debt of the kind and for the periods specified in § 507(a)(7). Section 507(a)(7) establishes priority for certain claims of governmental units. The priority (and hence denial of discharge) for some governmental claims is limited to certain time periods. Section 507(a)(7)(C) establishes priority for so-called trust-fund taxes, that is taxes required to be collected or withheld for which the debtor is liable. It is not limited as to time period.

■ 2. The Texas sales tax is one collected by the retailer from third parties. The Tax Code provides that the tax is to be added to the sales price and is a debt of the purchaser to the seller until paid. Tex.Tax Code Ann. § 151.052 (Vernon 1982). The Fifth Circuit construed § 17(a)(1)(e) of the Bankruptcy Act to apply to sales tax and denied discharge for a sales tax debt in Alabama. *Alabama Department of Revenue v. Fox,* 609 F.2d 178, 182 (5th Cir. 1980). Section 17(a)(1) of the Bankruptcy Act is the precursor to § 523(a)(1)(A) of the Bankruptcy Code. Several Courts of Appeals have examined the legislative history of the Bankruptcy Code and have concluded that Congress did not intend to change the policy reflected in prior law, and that the trust fund tax provision excepts from discharge those excise taxes required to be collected from third parties. *Di Chiaro v. New York State Tax Comm'n,* 760 F.2d 432, 435 (2nd Cir.1985); *Shank v. Washing-*

ton Dep't of Revenue, 792 F.2d 829, 832 (9th Cir.1986); Rosenow v. Illinois Dep't of Revenue, 715 F.2d 277, 280 (7th Cir.1983). The Texas sales-use tax is a trust-fund tax within 507(a)(7)(C) and thus could not have been discharged in the earlier Chapter 7 proceeding, regardless of how old the taxes were at the time of the petition.

3. The interest issue must be addressed for each of four different time periods: (a) before March 7, 1984; (b) March 7, 1984 to September 26, 1988 (pendency of the earlier bankruptcy case); (c) September 26, 1988 to April 5, 1989 (interim period); and (d) after April 5, 1989 (pendency of this Chapter 13 case).

■■■ (a) The interest that accrued before the filing of the petition in the first bankruptcy was part of the allowed claim of the Comptroller in that case. To the extent that it was a penalty in compensation for actual pecuniary loss it was a priority claim under § 507(a)(7)(G) and was nondischargeable under § 523(a)(1)(A). Interest on outstanding taxes compensates the governmental entity for lost use of that money. In re Palmer, 88 B.R. 101, 103 (N.D.Tex. 1988). Palmer does not rely on 507(a)(7)(G) in according prepetition interest priority status, but it cites other cases which do look to that section. Id.

(b) The interest that accrued during the pendency of the earlier bankruptcy case is part of the priority claim in this case, though it could not be part of the allowed claim in the earlier case. At the time of the earlier bankruptcy petition the pendency interest was unmatured. Section 502(b)(2) excludes unmatured interest from allowed claims. Just because it is excluded from a bankruptcy claim does not mean that post-petition interest is not part of a valid debt however. In the typical case discharge will prevent the creditor from taking any action to collect the debt. U.S.C. § 524(a)(2). Where the debt is not discharged, the creditor can pursue an action post-bankruptcy as the debt has continuing vitality. For the reasons presented in the discussion of Issue 1, the debt of the Comptroller was not discharged in the Debtor's prior bankruptcy case. Several cases recognize the creditor's right to post-petition interest against the debtor on non-dischargeable debts. See, e.g., Bruning v. United States, 376 U.S. 358, 363, 84 S.Ct. 906, 909, 11 L.Ed.2d 772 (1964) (decided under Bankruptcy Act); Geving v. United States, 93 B.R. 741, 742 (Bankr.D.Wyo. 1985) (priority tax claim); Klingman v. Levinson, 58 B.R. 831, 837 (Bankr.N.D.Ill. 1986) (fraud or defalcation while in fiduciary capacity); Frederickson v. Coleman, 56 B.R. 179, 180 (Bankr.N.D.Ind.1986) (child support).

(c) The interest on the debt to the Comptroller continued to accrue then during the period between the two bankruptcies. When the Avants filed their petition in the instant case, the claim of the State of Texas was like that of any other creditor. The claim must be allowed and given priority in accordance with the terms of the Bankruptcy Code. The State had a right to claim interest until the filing date. The claim for unpaid sales taxes and accrued interest as of the date of the petition is entitled to priority under 11 U.S.C. Sec. 507(a)(7).

(d) The Comptroller's continuing right to claim interest ended with the filing of the instant Chapter 13 petition however. Section 502(b) excludes unmatured interest from the claim against this estate. The Comptroller will not be able to later pursue an action against the Avant's personally unless this case fails to result in a discharge, because the § 523(a)(1)(A) exception to discharge for priority claim does not apply to a Chapter 13 discharge.

## CONCLUSION

Based on the analysis above, the Court holds that § 523(a)(1) operated in the Debtors' Chapter 7 proceeding to deny discharge of the debt due to the State of Texas for sales tax. The claim of the State of Texas for the tax and the interest that accrued thereon until the filing of the petition in this case is allowed. A separate Order of even date herewith will be entered consistent with these Findings of Facts and Conclusions of Law.