955 F.2d 16
 Bankr. L. Rep. P 74,542
In The Matter of John Gabriel GARCIA and Connie Maria
Garcia, et al., Debtors.
Ronnie JONES, Glendon Washburn, Kenneth Marrs, Charles R.
Lowe, Simon M. Tanner, John Wesley Walker, Van E.
Adams, and Tommy E. Smith, Appellants,
v.
UNITED STATES of America, and Internal Revenue Service, Appellees.
 No. 91-1202.
 United States Court of Appeals,
Fifth Circuit.
 March 2, 1992.
 
 James Q. Smith, Wichita Falls, Tex., for appellants.
 Joel A. Rabinovitz, Gary R. Allen, William S. Estabrook, Chief Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., Waymon G. DuBose, Atty., Dept. of Justice, Tax Div., Dallas, Tex. and Marvin Collins, U.S. Atty., Fort Worth, Tex., for appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before GOLDBERG, SMITH, and DUHE, Circuit Judges.
 JERRY E. SMITH, Circuit Judge:
 
 
 1
 Appellants Ronnie Jones and seven other debtors in bankruptcy challenge the determination of the district court upholding the bankruptcy court's ruling that the interest that accrued on their tax debts before they filed petitions under Chapter 13 of the Bankruptcy Code is subject to the same priority as is the underlying tax. We affirm.
 
 I.
 
 2
 The facts of this case are undisputed. Prior to 1986, forty-five debtors filed plans for reorganization under Chapter 13. The Internal Revenue Service ("IRS") objected to the reorganization plans on the ground that while they provided for priority payment of the debtors' pre-petition federal tax liabilities, they did not provide for priority payment of the interest that accrued on those liabilities before the petitions were filed. Because the cases presented similar issues, all the parties agreed that the bankruptcy court needed to rule on only three of the forty-five cases. Basing its ruling upon the decision of the district court in In re Palmer, 88 B.R. 101 (N.D.Tex.1986), the bankruptcy court found for the government, and the district court affirmed. On appeal, because of settlement, voluntary dismissal, payment of tax claims in full, and material default, eight cases remain.
 
 II.
 
 3
 The priority of pre-petition interest on tax claims is a question of law, so we review the decisions of the bankruptcy and district courts de novo. In re Missionary Baptist Found. of Am., 712 F.2d 206, 209 (5th Cir.1983). We conclude that those courts did not err in holding that the interest is subject to the same priority as the underlying tax.
 
 
 4
 The district court affirmed the bankruptcy court's refusal to confirm the reorganization plans, holding that prior to the enactment of the Bankruptcy Code in 1979, pre-petition interest was entitled to the same priority treatment as the principal amount of the tax, see Bruning v. United States, 376 U.S. 358, 360, 84 S.Ct. 906, 907, 11 L.Ed.2d 772 (1964), and that nothing in the language of the current code or its legislative history indicates that Congress intended to change such treatment. The court cited the reasoning of the bankruptcy court in In re Palmer, 53 B.R. 545, 546-49 (Bankr.N.D.Tex.1985), aff'd, 88 B.R. 101 (N.D.Tex.1986), in support of its decision and noted that the debtors' position was contrary to the great weight of authority on this issue, while that of the IRS was the generally accepted conclusion.[1] On appeal, although recognizing that virtually every court that has considered the issue has ruled against his position, Jones argues that pre-petition interest on tax liability is a general unsecured claim that does not have the priority of the underlying tax, at least from the date of the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 358, 374 (1984).
 
 III.
 
 5
 The statute setting out the priority of claims under Chapter 13, 11 U.S.C. § 507, reads in relevant part,
 
 
 6
 (a) The following expenses and claims have priority in the following order:
 
 
 7
 (7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for--...
 
 
 8
 (A) a tax on or measured by income or gross receipts [,or]
 
 
 9
 . . . . .
 
 
 10
 (G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss....
 
 
 11
 Although the priority of taxes is obvious, the provision does not mention the status of interest. Nevertheless, pre-petition interest on the tax liability seems to fit snugly within section 507(a)(7)(G). Interest on unpaid taxes accrues as a penalty, to repay the government and the public, for the loss of the use of the money they suffer while the delinquent taxpayer refuses to pay. Palmer, 53 B.R. at 549 (distinguishing between interest, which is assessed as compensation to the IRS for use of the money by the debtor subsequent to the filing deadline, and a nonpecuniary loss penalty, assessed to punish the debtor for failure to file a tax return on time). In other words, the interest compensates the government for its actual pecuniary loss.
 
 
 12
 In addition to being consistent with the ordinary meaning of the statutory language, such an approach is consistent with the intent of Congress in enacting the Bankruptcy Code.[2] As Representative Don Edwards stated in introducing the compromise bill in 1978,
 
 
 13
 For purposes of the above priority rules, the House amendment adopts the provision of the Senate bill that any tax liability which, under otherwise applicable tax law, is collectible in the form of a "penalty" is to be treated in the same manner as a tax liability. In bankruptcy terminology, such tax liabilities are referred to as pecuniary loss penalties. Thus, any tax liability which under the Internal Revenue Code or State or local tax law is payable as a "penalty" in addition to the liability of a responsible person under section 6672 of the Internal Revenue Code, will be entitled to the priority which the liability would receive if it were expressly labeled as a "tax" under the applicable tax law. However, a tax penalty which is punitive in nature is given subordinated treatment under section 726(a)(4).
 
 
 14
 124 Cong.Rec. H11089, 112-13 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 6436, 6567-68 (quoted in Palmer, 53 B.R. at 548).
 
 
 15
 Because no subsequent amendments have materially altered section 507(a)(7)(G), the statute still should provide priority for pre-petition interest on tax claims. In the absence of contradictory statutory language or legislative history, the fact that the Senate unsuccessfully suggested a provision explicitly enunciating the priority does not change the meaning of section 507(a)(7)(G). Additionally, the insertion of the word "only" in section 507(a)(7) in 1984 does not exclude the interest, which still should be considered a pecuniary loss penalty under section 507(a)(7)(G).[3]
 
 IV.
 
 16
 Virtually every court that has considered the issue in dispute in this case has held that pre-petition interest shares equal priority with the underlying tax debt,[4] although the various courts have based their decisions upon differing rationales. Because we decide that pre-petition interest on tax liability, as a pecuniary loss penalty, is entitled to the same priority as the underlying tax, we need not consider the alternative grounds for holdings of other courts. E.g., In re Larson, 862 F.2d 112, 118 (7th Cir.1988) (interest is part of the underlying tax "claim," so it is accorded the same priority). Jones points to no statutory language, precedential authority, or indication of legislative intent that would disturb our conclusion. The judgment of the district court, affirming the bankruptcy court, therefore is AFFIRMED.
 
 
 
 [1]
 See, e.g., In re Larson, 862 F.2d 112 (7th Cir.1988); In re H.G.D. & J. Mining Co., 836 F.2d 546 (4th Cir.1987) (per curiam) (unpublished); In re Keller & Katkowsky, P.C., 55 B.R. 155 (Bankr.E.D.Mich.1985); In re Treister, 52 B.R. 735 (Bankr.S.D.N.Y.1985); In re Healis, 49 B.R. 939 (Bankr.M.D.Pa.1985)
 
 
 [2]
 The legislative history behind the provision in question is discussed in greater length by both Palmer courts. 88 B.R. at 102-03; 53 B.R. at 546-49
 
 
 [3]
 See United States v. Ron Pair Enters., 489 U.S. 235, 245, 109 S.Ct. 1026, 1032, 103 L.Ed.2d 290 (1989) (where statutory language is open to interpretation, a "court must determine whether Congress has expressed an intent to change the interpretation of a judicially created concept in enacting the [Bankruptcy] Code" ); Kelly v. Robinson, 479 U.S. 36, 47, 107 S.Ct. 353, 359, 93 L.Ed.2d 216 (1986) ("The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific. The Court has followed this rule with particular care in construing the scope of bankruptcy codifications," (quoting Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 501, 106 S.Ct. 755, 759, 88 L.Ed.2d 859 (1986))
 
 
 [4]
 Jones cites eighteen cases that give equal priority to the pre-petition interest, but he has pointed out, and we have found, only two cases holding that the interest was not entitled to equal priority. One, In re Razorback Ready-Mix Concrete Co., 45 B.R. 917 (Bankr.E.D.Ark.1984), was explicitly renounced by the same judge in a subsequent case. See In re Stonecipher Distribs., 80 B.R. 949 (Bankr.W.D.Ark.1987). The other, In re Ayala, 35 B.R. 651 (Bankr.D.Utah 1983), is distinguishable, as it concerned a fixed penalty for late payment of municipal garbage fees; the actual penalty there bore no relationship to real pecuniary loss