T.C. Memo. 2010-194


UNITED STATES TAX COURT



JOHN L. LEATHLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 31113-09L.                Filed September 7, 2010.


<u>Daniel J. Arno</u>, for petitioner.

<u>John M. Janusz</u>, for respondent.



MEMORANDUM OPINION


    RUWE, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection

Action(s) Under Section 6320 and/or 6330 (notice of determination) for petitioner's taxable years 2000, 2001 and 2002.[1]  This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.  With regard to tax year 2001, that liability has a zero balance, making that year moot.  Furthermore, petitioner concedes that tax year 2002 is not at issue.  Therefore, the only substantive issue to decide is whether the determination made by respondent's settlement officer to sustain the filing of the notice of Federal tax lien with respect to the accrued interest on petitioner's paid 2000 income tax liability was correct.  Petitioner contends that the interest on the tax liability for 2000 was discharged in petitioner's bankruptcy proceeding.

## Background

At the time the petition was filed, petitioner resided in New York.

Petitioner's 2000 Federal income tax return was due on April 15, 2001.  The Internal Revenue Service received the return on December 4, 2003, without full payment.  Petitioner filed a petition in bankruptcy on October 14, 2005.  On or about March 3, 2009, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, which advised

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner that a notice of Federal tax lien (NFTL) had been filed with respect to his 2000, 2001, and 2002 unpaid tax liabilities and that petitioner could request a hearing with respondent's Office of Appeals. Petitioner filed with respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, for the covered years. Attached to the Form 12153 was a letter from petitioner's representative stating, among other things, that the tax principal for the liabilities at issue had been paid and that the penalties and interest thereon were discharged by petitioner's bankruptcy filing. By letter dated October 15, 2009, sent to respondent's settlement officer, petitioner's representative reiterated that the tax principal had been paid and that the interest and penalties had been discharged "because the incidences that gave rise to these taxes were more than three years old." Respondent's settlement officer sent a response letter dated November 24, 2009, to petitioner's representative advising petitioner that it was respondent's position that the penalties were discharged[2] in the bankruptcy but the interest on the principal was not discharged.

Respondent's Appeals Office issued to petitioner a notice of determination dated December 4, 2009, for taxable years 2000 (the year at issue), 2001, and 2002. The notice of determination

---

[2]The Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, attached to respondent's motion shows the abatement of the penalties.

indicated that respondent's Appeals Office determined that the NFTL would not be released and that the interest at issue was not discharged in petitioner's bankruptcy.

Petitioner filed with the Court a petition for lien or levy action under section 6320(c) or 6330(d).

## Discussion

This case is before the Court on respondent's motion for summary judgment, to which petitioner objects. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment is appropriate where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The parties agree that there are no genuine issues in dispute regarding any material facts. The only issue we must decide is whether the accrual of interest on petitioner's income tax liability for 2000 has been discharged in petitioner's bankruptcy. It is undisputed that petitioner was not discharged from his liability for the principal amount of income tax due for 2000.

A debtor remains personally liable after his discharge for the principal amount of a nondischargeable tax debt and any prepetition interest on that tax debt that was not satisfied out of the bankruptcy estate.  Bruning v. United States, 376 U.S. 358, 360 (1964); In re Larson, 862 F.2d 112, 119 (7th Cir. 1988). A debtor also remains personally liable for postpetition interest where the underlying tax debt is not discharged.  Bruning v. United States, supra at 360; Hanna v. United States, 872 F.2d 829, 831 (8th Cir. 1989); Burns v. United States, 887 F.2d 1541, 1543 (11th Cir. 1989).  Interest is treated as an integral part of the tax debt upon which it accrues.  Bruning v. United States, supra.  Interest has therefore been treated as part of the "claim", is accorded the same priority status as the underlying liability, and has been found to be nondischargeable where the underlying liability is nondischargeable.  In re Larson, supra at 119.

In the case before us, it is uncontested that the principal amount of tax was not discharged in petitioner's bankruptcy proceeding.  Because the Federal income tax was not discharged in the bankruptcy proceeding, any interest with respect to the nondischargeable tax is also not discharged.  On the basis of the aforementioned caselaw and precedent, we hold that the accrued interest with respect to petitioner's underlying tax liability

for 2000 was not discharged in petitioner's bankruptcy because the underlying tax was itself not dischargeable.

Petitioner's argument that the interest relating to the 2000 tax liability was discharged in petitioner's bankruptcy proceeding is predicated on 11 U.S.C. section 523(a)(7)(B) (2006). Title 11 U.S.C. section 523(a)(7)(B) provides:

§ 523. Exceptions to discharge

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

       *     *     *     *     *     *     *

    (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, <u>other than a tax penalty</u>--

       *     *     *     *     *     *     *

    (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

[Emphasis added.]

Petitioner argues that "there should be no distinction between prepetition interest and pecuniary penalties under the Bankruptcy Law, § 523(a)(7)(B). That section discharges all such penalties which we believe includes prepetition interest for events that occurred more than 3 years prior to the filing of the bankruptcy." In support, petitioner relies on <u>In re Palmer</u>, 88 Bankr. 101 (N.D. Tex. 1986), and <u>Jones v. United States (In re Garcia)</u>, 955 F.2d 16 (5th Cir. 1992), in which interest was

characterized as a penalty for priority purposes under 11 U.S.C. section 507, and upon McKay v. United States, 957 F.2d 689 (9th Cir. 1992), and Roberts v. United States, 906 F.2d 1440 (10th Cir. 1990), which recognized that tax penalties can be dischargeable. Petitioner argues that interest on a tax liability is treated as a penalty under 11 U.S.C. section 507(a)(2006) and thus may be dischargeable as a penalty under 11 U.S.C. section 523(a)(7)(B). Petitioner's position would yield an outcome that is contrary to the previously mentioned caselaw involving the dischargeability of interest which has accrued on income tax liabilities.

Petitioner cites In re Palmer, supra, and Jones v. United States (In re Garcia), supra, as the basis for his contention that there is no distinction between interest on a tax liability and a tax penalty for purposes of applying 11 U.S.C. section 523(a)(7)(B). However, these cases do not discuss the application of 11 U.S.C. section 523. Instead, they deal with the application of 11 U.S.C. section 507, which addresses the priority accorded to various expenses and claims of creditors. In both of these cases, the courts likened interest on a tax liability to penalties for priority purposes under 11 U.S.C. section 507. However, neither case stands for the proposition that interest is a penalty that is dischargeable under 11 U.S.C. section 523(a)(7)(B). The holdings in these cases were limited

to deciding the narrow priority issue that was before those courts, and should not be read more broadly to have decided that interest is a penalty for all purposes under the Bankruptcy Code.

Petitioner also cites McKay v. United States, supra, and Roberts v. United States, supra, for the proposition that "tax penalties assessed more than 3 years before the bankruptcy are dischargeable." These cases do hold that tax penalties may be dischargeable under 11 U.S.C. section 523(a)(7)(B). However, these cases addressed the dischargeability of civil tax fraud penalties and failure to file Federal income tax return penalties and not the dischargeability of interest. In McKay v. United States, supra at 693, the Court of Appeals for the Ninth Circuit determined that civil fraud penalties were discharged under 11 U.S.C. section 523(a)(7)(B) where the tax penalty was imposed with respect to a transaction that occurred more than 3 years before the filing of the petition in bankruptcy. Likewise, the bankruptcy court in Roberts v. United States, supra at 1445, determined that penalties for failing to file a Federal income tax return were dischargeable under 11 U.S.C. section 523(a)(7)(B) where the penalties were imposed with respect to an event that occurred more than 3 years before the filing of the bankruptcy petition. However, neither court considered whether interest is dischargeable under 11 U.S.C. section 523(a)(7)(B)

because they dealt only with its application regarding traditional tax penalties.

The decision of the court in Burns v. United States, 887 F.2d 1541 (11th Cir. 1989), is useful in illustrating the proper analysis in the case before us.  In Burns v. United States, supra at 1543-1544, the court held both that accrued interest on a nondischargeable tax debt is nondischargeable and that tax fraud penalties based on a transaction that occurred more than 3 years before the bankruptcy petition were dischargeable under 11 U.S.C. section 523(a)(7)(B).  That the court considered the treatment of interest separately from the consideration of the penalties is an indication that interest and penalties are not one and the same under the Bankruptcy Code.  In Burns v. United States, supra at 1552, the court concluded that 11 U.S.C. section 523(a)(7)(B) extinguished liability only for tax penalties and not for interest on the underlying tax itself.  This holding illustrates that interest is distinct from penalties in the analysis under 11 U.S.C. section 523(a)(7)(B).

Petitioner has cited no caselaw holding that interest on a tax liability is dischargeable under 11 U.S.C. section 523(a)(7)(B).  The mere fact that courts have discussed interest being afforded the same treatment as a penalty for priority purposes under 11 U.S.C. section 507 does not provide a basis for treating it the same under 11 U.S.C. section 523.  This is

especially true where there is ample caselaw in which courts have held that interest on a nondischargeable tax debt is not discharged in bankruptcy.

On the basis of the record before us, we find that respondent may proceed with the collection action that was the subject of the notice of the filing of a Federal tax lien for the tax year 2000.  Accordingly, we will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.